IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW YORK,

IN JULY TERM, 1838, IN THE SIXTY-THIRD YEAR OF THE INDEPENDENCE OF THE UNITED STATES.

## NASH vs. ELY.

In a mortgage of goods and chattels, where the things mortgaged are in the actual possession of a third person, it is not necessary to the validity of the assignment, that it should be accompanied by an immediate delivery of the things assigned.

ERROR from the Otsego common pleas. Nash sued Ely in a justice's court in *trover*, for taking and converting to his use, certain articles of personal property, which he had levied upon as a constable, by virtue of an *attachment* against the property of one Godfrey Grosvenor; which attachment was sued out by Jabez Chapman and Samuel H. Warner, on the 19th April, 1836, and the property levied upon on the same day. The property previous to and at the time of the levy was in the possession of one Stephen Meeks, was left in his possession by the constable, and subsequently taken away by the direction of the defendant. The defendant justified the taking under a *mortgage* executed to him by Grosvenor, on the 4th January, 1836, to secure the payment of $58,66, being the principal and interest of a note of hand bearing date 3d August, 1835, made

UTICA,
July, 1838.

Nash
v.
Ely.

by Grosvenor to the defendant. The mortgage was conditioned for the payment of the money secured thereby, on the first day of February, 1836. At the time of the execution of the mortgage, the property was in the possession of Meeks, and continued so until taken by the defendant. Meeks claimed to be the owner of the property under a transfer made of it by Grosvenor, in payment of a debt owing by Grosvenor to him, and that such transfer was anterior to the execution of the mortgage to the defendant. The justice rendered judgment for the plaintiff, which was *reversed* on *certiorari* by the Otsego C. P., on the ground stated by the court that the mortgage executed by Grosvenor to Ely, " was a good and valid mortgage, fair, *bona fide*, and without intent to defraud." Nash sued out a writ of error.

*S. S. Bowne & S. Crippen*, for plaintiff in error.

*E. B. Morehouse & H. Lathrop*, for defendant in error.

*By the Court*, NELSON, Ch. J. As the property mortgaged was not left in the possession of the mortgagors, but remained with a third person to whom it had been previously delivered, until seized under the attachment, the case did not fall within the statute, 2 R. S. 136, § 5, and nothing short of actual fraud could invalidate it. Weeks in whose possession it was, claimed as purchaser from Grosvenor, and upon the proofs, he undoubtedly could have held it as respected him. Whether he could have done so, as respected creditors, might be questionable. The property therefore was not only out of the possession, but beyond the control, of the mortgagor. The statute does not require that the mortgagee shall take the actual possession of the property at the time himself; it is enough if he removes it out of that of the mortgagor; and if he finds it in the custody of a third person, when the sale or mortgage is made, we do not perceive any thing in the language, or in the object, or policy of the act, against permitting it to remain with him till such time as he may choose to take the personal charge of it. Leaving the property in this condition,

is certainly not within the mischief of leaving it in the posses- UTICA,
July, 1838.
sion of the vendor or mortgagor.

The rule of the statute then being out of the case, the The N. Y. Dry
only remaining ground upon which it is contended the jus- Dock Co.
v.
tice could have placed his judgment, was *fraud in fact.* It Treadwell.
may well be doubted, I think, upon the facts in the case, if
this question was litigated before him. For the only debt, as
appears from the return, existing against Grosvenor, at the
time of the mortgage, besides Ely's, was the claim of
Weeks, and even the amount of that is not shown. At most
it was of small amount. When the demand of Chapman and
Warner upon which the attachment issued accrued, does
not appear. It is difficult, therefore, to believe this ques-
tion was made a point before the justice, in the absence of
proof showing that there were creditors to be defrauded.
There seems to be no foundation laid or attempted, upon
which to infer actual fraud ; nor can I find any thing in the
case that would warrant the conclusion. The debt of Ely is
not called in question ; for aught that appears, Chapman and
Warner's did not exist and the debt to Weeks, the only
one known, is not specified, or even alluded to except inci-
dentally.

Judgment affirmed.