Goodwin *v.* Kelly.

[New York General Term, May 2, 1864. *Leonard, Clerke* and *Geo. G. Barnard,* Justices.]

---

Goodwin *vs.* Kelly, Sheriff, &c.

A married woman may act as the agent of her husband, and such agency may be created either verbally or by writing. The addition of a seal to the writing appointing her, will not have the effect to destroy the agency.

If property mortgaged is in the possession of a third person, an immediate delivery is not necessary.

Where the vendor was absent, and the property sold was in the ware room formerly occupied by him and his partner, B., but then occupied by such partner only; and shortly after the execution of the bill of sale, the purchaser demanded the goods of B., but upon his claiming the payment of commissions on the sale to the purchaser, before he would give up the property, and suggesting that there was a prospect of his selling a portion of it, the property was left with him; *Held* that the above rule was applicable to the case.

Goodwin *v.* Kelly.

Where G., upon obtaining $200 from the plaintiff, told him she would return it if she could, or if not, that she would sell certain property to him for $1000, if he could make an arrangement; *Held* that it was a question for the jury to determine, whether this was a mere mortgage, or an absolute sale, under proper directions from the court.

And that, the jury having given a general verdict, the court could not say but that such verdict was arrived at on the ground that the transaction was an absolute sale.

That, assuming the jury to have found it to be an absolute sale, then, if it were made in good faith and without intent to defraud creditors or purchasers, it was valid; even though there were no immediate actual and continued change of possession.

THE plaintiff sued to recover the value of a quantity of statuary, of which he claimed to be the owner, under a bill of sale executed to him, in the name of Ottaviano Gori, by Catharine Gori, his attorney, dated November 23, 1859, consideration expressed $1000. The defendant levied upon the property January 31, 1860, under an execution based upon a judgment of this court, in favor of Harrison against Gori, rendered January 16, 1860. The property was, at the time of the alleged sale and at the time of the levy, on the premises of the vendor, 895 Broadway. There was no removal of it. There was no money paid at the time of execution and delivery of the bill of sale, but Mrs. Gori testified that, on the next day, the plaintiff let her have his note for $300.; that prior thereto she had of him $200; not on her husband's but on her own responsibility, and afterwards she had $500, and that in reference to the sale of the property, the arrangement was, "*I told him if he wished, I would sell him the property, or if I could return him the money I would do so; if not, and he could make an arrangement, he could have the property for* $1000. *Those were the terms agreed upon."*

The property originally belonged to Ottaviano Gori, who had formerly done business at 895 Broadway, and had been left there by him, when he moved to a new establishment at 51st street, in the care of Alfred Bourlier, who was his partner in the sale of certain marble articles, and who, by his

partnership agreement was to have the personal charge of
that business.   On the 30th of June, 1859, Ottaviano Gori
gave a general power of attorney to Catharine Gori his wife,
which was acknowledged before a commissioner of deeds, on
the 2d of July, 1850.    November 19, 1859, Mr. Gori went
to Italy.   On the 23d November, 1859, Mrs. Gori, as attor-
ney for her husband, sold the property in dispute to the
plaintiff for $1000.   The bill of sale was acknowledged the
same day, but there was no evidence that it was ever filed.
In December, 1859, the plaintiff went with a truck to get the
goods, but was told by Bourlier that he had a customer for
one of the monuments, and that they had better be left with
him.   The defendant took but two exceptions; one, that a
power of attorney made by a married man to his wife is in-
valid, and the other, that the court refused to direct a ver-
dict for the defendant.   The jury rendered a verdict in favor
of the plaintiff, for $1000, and the defendant appealed from
the judgment.

*A. J. Vanderpoel,* for the defendant.

*S. W. & R. B. Roosevelt,* for the respondent.

*By the Court,* GEO. G. BARNARD, J.   An objection was
raised to the reception of a power of attorney by the hus-
band to the wife.   No authorities were cited in support of
the objection.   It is well established that a married woman
may act as the agent of her husband, and such agency may
be created either verbally or by writing.   An addition of a
seal to the writing surely cannot have the effect to destroy
the agency.

The appellant insists that the bill of sale was in effect a
mortgage, and there being no immediate, actual and con-
tinued change of possession of the property, and the paper
not being filed, that it was absolutely void against the
defendant.   Assuming, for the moment, that the instrument

was a mortgage, the question turns upon whether there was a change of possession; and if not, what effect the want of it has.

It appears that Gori himself was absent, and the property was in the ware room formerly of Gori & Bourlier, but then of Bourlier only. There is some evidence that within a week after the execution of the paper, the plaintiff demanded the goods of Bourlier, and for reasons suggested by Bourlier it was left in his possession. There is evidence to the effect that Bourlier demanded commissions on the sale to the plaintiff before he would give up the property.

If property mortgaged is in the possession of a third person, an immediate delivery is not necessary. (*Nash* v. *Ely,* 19 *Wend.* 523.) I am inclined to think that the rule in *Nash* v. *Ely* is applicable to this case, upon the above facts. As there are no exceptions to the charge, we must assume that it was left to the jury to determine whether the transaction was made in good faith and without an intent to defraud creditors or purchasers.

The jury have by their verdict found that the transaction was *bona fide,* &c. and their verdict does not so greatly preponderate against the evidence as to justify interference: so that, even if the transaction be considered a mortgage, the judgment should be affirmed.

But I think that the transaction in question was not a mortgage. The appellant's counsel refers to the following proof: "I told him, if he wished, I would sell him the property for $1000; or if I could return him the money I would do so; if not, and he could make an arrangement, he could have the property for $1000." That proof must be taken in connection with all the evidence. Mrs. Gori had testified that the plaintiff had some time before loaned her $200. She was then asked what was said about that $200, in reference to this sale. In answer to this question she gives the proof relied on by the appellant. This proof is susceptible of the construction that when Mrs. Gori got the

Goodwin *v.* Kelly.

$200, she said to the plaintiff she would return it if she could, or if not she would sell the property for $1000, if he could make an arrangement. It was a question for the jury to determine, upon all the evidence, whether this was a mere mortgage or an absolute sale, under proper direction from the court. That the judge gave the proper directions must be assumed, as there are no exceptions to his charge.

As the jury have given a general verdict, the court cannot say but that such verdict was arrived at on the ground that the transaction was an absolute sale. The proof does not so preponderate as to call for interference with the verdict on this point. Assuming the jury to have found this to be an absolute sale, then, if it were made in good faith, and without intent to defraud creditors or purchasers, it is valid, even though there were no immediate, actual and continued change of possession. Upon this question there was sufficient evidence to take the case to the jury, under proper instructions from the court. The instructions given must be assumed to have been proper, as there are no exceptions. The jury having found in the plaintiff's favor, their finding is conclusive on the point, as the evidence does not strongly preponderate against their verdict.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *Geo. G. Barnard,* Justices.]