Hall *v.* Robbins.

So ordered.

---

EDWARD F. HALL, Respondent, *v.* LOUIS F. ROBBINS, Appel-lant.

(GENERAL TERM, FIRST DEPARTMENT, NOVEMBER, 1871.)

A promise made upon valid consideration to pay a third person, will sus-tain an action by the third person in his own name against the promisor: So *held*, of an agreement under seal.

Where the defendant entered into an agreement under seal, in Massachu-setts, for the immediate payment of money, and afterward removed into this State, in an action by the party entitled (a resident of Massachusetts), it seems the statute of limitations is not a bar until twenty years after the defendant's removal here.

A debtor's discharge under the Massachusetts insolvent laws, operates to relieve him from liability for a debt, although the creditor was not men-

tioned in the schedule of insolvency proceedings, or notified of the proceedings, or the debt contained in the schedule of debts, where the omission is by mistake, inaccuracy, or ignorance, and not willful or fraudulent.

THIS was an appeal by the defendant from a judgment entered in favor of the plaintiff upon the report of a referee.

The action was brought to recover the sum of $416.66, with interest from December 1st, 1848, for which sum the complaint demanded judgment.

It appeared that on the first day of December, 1848, Nathan Viles, Jr., and James Munroe were copartners, doing business as merchants in Boston, Massachusetts, under the firm name of Viles & Munroe.  And at that time, they, as such copartners, owed the firm of Hall & Evans, also doing business in Boston, the sum of $416.16, which indebtedness was contracted in Boston, where all the parties then resided. That the claim of Hall & Evans was duly assigned by them to the plaintiff, and that no part of the same has been paid. That on the first of December, 1848, the firm of Viles & Munroe, and each of them, individually sold and transferred to the defendant, Louis S. Robbins, all their stock in trade, on the express agreement that the defendant would pay certain creditors of Viles & Munroe, named in the schedule attached to the written agreement between the parties, and particularly the claim of $416.16, due from them to Hall & Evans.  That Viles & Munroe, and the defendant, Louis S. Robbins, duly made and executed under their hands and seals on the first of December, 1848, an agreement with a schedule attached, a true copy of which was duly recorded in the office of the city clerk, of Boston.  That the debt of $416.66 due Hall & Evans was one of the debts to be paid and assumed by the defendant in the written agreement, and that Hall & Evans were named and mentioned in the schedule attached to the agreement.  That the defendant removed to the city of New York in the spring of the year 1862, with his family, where he has since that time resided.  That the defendant was discharged as an insolvent debtor under the insolvent laws of

Hall *v.* Robbins.

the State of Massachusetts from the payment of his debts by the insolvency court of the county of Middlesex, Massachusetts, on the thirty-first day of May, 1856. That the firm of Hall & Evans was not, nor was the plaintiff, nor his partner, Evans, mentioned or named in the schedules of insolvency proceedings as a creditor or creditors of the defendant, nor was the said debt due Hall & Evans mentioned or contained in the schedule of debts; and neither the plaintiff nor his firm, nor his partner had any notice of the insolvency proceedings, and did not participate therein.

Upon these facts the referee made the following findings of laws, viz. :

That by reason of the sale and delivery by Viles & Munroe to the defendant of the stock of goods upon the agreement of the defendant to pay the creditors of Viles & Munroe, named in the said agreement, the defendant became liable to the creditors of Viles & Munroe, named in said schedule, for the amount of their respective claims ; and the plaintiff's firm being named therein as creditors, a right of action accrued to the plaintiff as assignor of Hall & Evans against the defendant on such sealed instrument or agreement "*eo instanti*" for the sum of $416.16, and interest from December 1st, 1848. That the discharge of the defendant as an insolvent debtor in the insolvency court of the county of Middlesex, in the State of Massachusetts, was not a valid defence to the plaintiff's cause of action. That the plea of the statute of limitation by the defendant was not a bar to the plaintiff's action. That the plaintiff was entitled to recover of the defendant the sum of $416.16, with interest thereon from December 1st, 1848, which amounted at the date of the report to the sum of $771.18, besides the costs of the action.

*A. Loring Cushing,* for the appellant.

*Daniel W. Gillett,* for the respondent.

Present—INGRAHAM, P. J., CARDOZO and BARNARD, JJ.

Hall *v.* Robbins.

By the Court — Barnard, J.   This action is properly brought by the plaintiff against the defendant.

It has been finally settled that a promise made by a defendant upon a valid consideration to pay a third person, will sustain an action by the third person in his own name against the person making the promise. (*Lawrence* v. *Fox*, 20 N. Y., 268.)

In this case the defendant, in consideration of goods sold and delivered to him by the firm of Viles & Munroe, agreed with them to pay the plaintiff's firm the amount in question, being a debt due from Viles & Munroe to them. The plaintiff owns the claim.   The action as between parties to it arose upon the execution of the covenant, and the obligation to pay ran for twenty years thereafter.   This time has not expired since the defendant moved into this State, and, therefore, the claim is not barred by the statute of limitations.

The defendant has been discharged under the insolvent laws of Massachusetts, and the discharge would bar the collection of this claim if the defendant in his petition had set forth the same.   He did not do so.   The omission is admitted to have been neither willful or fraudulent, and these facts present the question of the effect of the discharge on this debt.   I think this discharge is good to bar a debt not mentioned by mistake, inaccuracy or ignorance. (*Small* v. *Graves*, 7 Barb., 576; *Stanton* v. *Ellis*, 12 N. Y., 575.)

The record in Massachusetts must be deemed conclusive. No question is made, but that the insolvent commission acquired jurisdiction of the case, and adjudged that the insolvent had assigned his estate for the benefit of his creditors, according to the provisions of the Massachusetts insolvent law, and had, in all things, conformed to the directions of such law, and fully discharged the insolvent from all his debts.

From a careful examination of the cases, I am satisfied that a bare omission of a debt does not vitiate the discharge as to such omitted debt.   I think the referee erred in holding

the discharge void as to plaintiff for these reasons, and that the judgment should be reversed, the order of reference vacated and a new trial granted at the circuit. Costs to abide the event.

New trial granted.