SMITH, sheriff, etc., appellant, v. POST.

*Fraudulent conveyance — fraud of mortgagor only — fraud of one of several mortgagees — Chattel mortgage — consideration — transfer by mortgagee — Evidence — cure of error in admission — declarations.*

M. executed a chattel mortgage to defendant and C., the consideration on the part of C. being a debt claimed to be due to C. from M., and that on the part of defendant an assumption by him of certain debts of M. After the mortgage was filed, an attachment was issued in a suit against M., under which plaintiff, as sheriff, seized the mortgaged property. *Held,* (1) that the mortgage, even if made by M. in fraud of creditors, would not be invalid as to the mortgagees, they being without notice; (2) that the fraud or knowledge of C. would not affect defendants' rights under the mortgage, their interests being separate and distinct; and (3) that the agreement of defendant was a valid consideration for the mortgage for the amount secured to defendant, even though none of the debts of M. had been paid when the property was attached.

After defendant had taken possession under the mortgage he released all his right in the mortgage to C., and consented to her taking the property. *Held,* that defendant was not thereby deprived of justifying his action under the mortgage.

The judge charged the jury that there was no sufficient evidence of the indebtedness to C. *Held*, that this cured any error in the admission of incompetent evidence upon that subject.

The transactions between M. and defendant were carried on by the agency of M.'s wife. *Held*, that the declarations of M. were admissible to prove his ratification of his wife's acts.

APPEAL from a judgment entered upon the verdict of a jury at the Chemung circuit, and from an order upon the minutes denying a new trial.

The action was brought by Jud Smith, as sheriff of Chemung county, against William F. Post, to recover personal property, which he had levied upon by virtue of an execution against one Thomas Merritt, and which had been sold after the levy was made under a chattel mortgage in favor of the defendant and one Catherine McCutchen. The mortgage was executed July 30, 1869, and delivered soon afterward. On the 5th of August the mortgage was filed, and the defendant claims that he° took actual possession. The cause was tried before Mr. Justice Murray and a jury, and resulted in a verdict in favor of the defendant.

The defendant interposed two defenses : First, title under the chattel mortgage; second, he denied that he had interfered with the property in any way, and claimed that before it was attached for the claim under which the plaintiff sought to hold the property, and to secure which it was attached, he had released all his interest in it to Mrs. McCutchen, and that the sale was by her alone.

The principal question litigated upon the trial was the good faith of the mortgage.

It appeared from the evidence that in the month of July, 1869, Thomas Merritt was the owner of a farm and of the personal property in question. At that time he was arrested upon some charge in Boston, Mass. His wife, for the purpose of raising money to assist him in his difficulty, applied to defendant to lend her money upon the security of the farm. This defendant declined to do, but offered to purchase the farm for $9,000, a mortgage of $6,000 to be assumed by defendant as part payment. At the time, Merritt owed, in Elmira, a number of small debts, and Catherine McCutchen, his wife's mother, claimed to hold a debt of $1,800 against him. Defendant agreed to assume the payment of these debts in consideration of Merritt's giving him a chattel mortgage upon personal property on the farm. A mortgage was drawn up in which plaintiff was secured

to the amount of $700 for such debts of Merritt as he assumed to pay, and Catherine McCutchen was secured to the amount of $1,800. The deed and mortgage were taken by Mrs. Merritt to Boston, and there executed by her husband. Upon the return of Mrs. Merritt defendant paid her an amount of money, took the papers, placed the deed on record and the mortgage on file. He visited the farm and told Mrs. Merritt, and a hired man on the place, that the personal property there must not be taken away. Mrs. McCutchen was present at the time, and one acting for her announced that he took possession of the personal property in her behalf. On the 10th of August, at the solicitation of Merritt's wife, and to enable her to raise money, defendant released to Mrs. McCutchen his interest in the property. The levy was made August 11th, after which Mrs. McCutchen sold the property under the mortgage.

A demand was made upon defendant for the property thereafter, after which this action was commenced.

Various exceptions were taken and decisions made on the trial, which are discussed in the opinion. After the verdict the plaintiff moved for a new trial upon the minutes, which motion was denied. Judgment was entered on the verdict for costs, and the plaintiff appealed from the judgment and order.

*Erastus P. Hart,* for appellant.

*D. B. Hill,* for respondent.

Miller, P. J. The question whether there was an immediate delivery and an actual and continued change of possession of the mortgaged property, was a question of fact, and properly submitted to the consideration of the jury upon the trial. There was proof to show that an actual formal possession was taken, and that the defendant assumed control, and gave directions concerning it, and exercised a general oversight over it. The question of fraud having been submitted to the jury, and they having found against the plaintiff, their verdict is conclusive on the point made. *Butler* v. *Miller,* 1 N. Y. 496. It may also be remarked, that the mortgaged property being at the time in the possession of a third person, an immediate delivery was not necessary. *Goodwin* v. *Kelly,* 42 Barb. 194. The provision in the mortgage, that in case of default in payment, or in case the mortgagees should at any time deem them-

selves unsafe, they might take possession of the property and sell the same, was for the benefit of the mortgagees, and authorized them to take possession when there was a default, or when in their judgment they deemed it best for the safety of their demand, and no proof was required to show that they so considered themselves unsafe, as the legal presumption would be that such was the fact when possession was taken before it was due. Especially does such a presumption arise, when no distinct point was made upon the trial that there was a failure of proof in this respect.

There was, I think, no error in the charge of the judge, in holding substantially, that the defendant was not, nor were his rights to the mortgaged property affected, by the fraud of the mortgagor, unless he was a party, or privy to it, and received the mortgage with the intent to hinder, delay or defraud the creditors of the mortgagor. And also, that to make the mortgage void as to the defendant, and Mrs. McCutchen both, they must have received the mortgage, for the same fraudulent purpose, or in effect, that even if Mrs. McCutchen knew of such fraudulent intent of the mortgagor, her knowledge could not affect the defendant, and he might be protected, while she would not. There appears to be no good reason why an innocent mortgagor should suffer for the fraudulent intent of his associate, of which he had no knowledge, and in which he did not participate. He stands in the same position as if he had taken a separate mortgage to himself, and the fact that the same mortgage provides for his separate debt, does not infect the amount secured, with the fraud, that taints the portion secured to another party. There are virtually two mortgagees, instead of one, whose interests are distinct, and the fraud which vitiates the mortgage, relates to the substance, and the subject-matter of the mortgage, and not to the parties. And even this general rule as to the subject-matter is not without exception, and it is held, that if part of a mortgage, is proved to have been a subsisting debt at the time of its execution, the mortgage is valid to the extent of such debt. *Wescott* v. *Gunn*, 4 Duer, 107. It may be valid as to part of the property described in it, and is not rendered void by reason of its professing to mortgage other property, as to which it is inoperative. *Gardner* v. *McEwen*, 19 N. Y. 123. So long as there was no original intention of the mortgagor to hinder, delay and defraud creditors, within *Russell* v. *Winnie*, 37 N. Y. 591, or a fraudulent purpose, it can be upheld, as a valid and lawful security. Although two

parties are secured separately in one instrument, it must be considered as a transfer separate, and distinct, which enables each one to hold the property independent of the other, in proportion to the debts secured. The same rules apply to conveyances of real estate. Bump on Fraud. Cont. 472. Also to assignments of property. *Prince* v. *Shepard*, 9 Pick. 176.

It is said that the defendant did not take the mortgage for any debt, past or present, due or owing to him, and was merely a trustee for Merritt, and the property mortgaged to secure debts which were named, and in this view was in the condition of an assignee or trustee for the benefit of creditors, and his title was affected by the fraud of the mortgagor. I think that this position is erroneous, and the assumption of the payment of the debts by the defendant rendered him liable for the same. It was, in fact, an absolute promise to pay on his part. He was not to take the property, sell and dispose of the same, and apply the proceeds toward the payment of the debts, but was obligated to pay them without regard to the property or the amount realized upon any sale thereof. It was a promise made by an individual to a third person, for a valid consideration, to pay money to such person, by virtue of which an action can be sustained by the latter, in his own name, against the promissor. *Lawrence* v. *Fox*, 20 N. Y. 268; *Hall* v. *Robbins*, 61 Barb. 33; *Hale* v. *Boardman*, 27 id. 82. It matters not that the defendant did not pay before the attachment was levied, and it is sufficient, I think, that he was liable to pay to uphold the amount secured by the mortgage to him.

I think there was no error in the charge of the judge to the jury, that in case they found the mortgage valid, under the rules laid down by him, then the verdict should be for the defendant, without going further. The judge had presented a statement of the leading features of the case, and the first defense interposed, which was that the defendant and Mrs. McCutchen had a mortgage executed upon this same property, under which he was protected in taking the property, if he took it at all, and I am unable to discover any ground upon which it can fairly be claimed that this proposition was not a sound one. The argument of the defendant's counsel, as I understand it, is, that it mattered not whether the mortgage was valid or otherwise, if the defendant released all his right, or title, or interest in the mortgaged property, under his mortgage, and gave it up to Mrs. McCutchen, and consented that she might take it and

dispose of it without reference to the debt, and that his case was the same as if there was no mortgage at all. I see no good reason why the defendant could not justify himself under his interest in the mortgage, if it was a valid one, as the judge charged, and the subsequent portions of the charge were not inconsistent with this view nor liable to exception. Nor was there any error in any of the refusals to charge as requested.

There was no valid objection to the evidence given, as to the amount of the treasury check payable to the order of Mrs. McCutchen, in the hands of Merritt, which was all that the judge allowed to stand as testimony when the motion was first made to strike out the same, and the subsequent evidence given relating to the same matter was, I think, competent. But even if incompetent, the error was cured by the charge of the court to the jury, that there was no sufficient evidence of indebtedness in the case of Mrs. McCutchen.

The evidence of Thomas Merritt's declarations as to what had been done with his property was also competent for the purpose of establishing a ratification of the acts of his wife. It was also proper for the defendant's counsel to read the balance of the motion papers, and, as held by the judge, such portions of them as would qualify and explain any thing that had been read. The other questions made and exceptions taken do not require examination. After a careful examination, I am satisfied that there was no error upon the trial, and that therefore a new trial must be denied, and the judgment and order affirmed, with costs.

*Judgment affirmed.*