(28 App. Div. 311.)

### NATIONAL HUDSON RIVER BANK v. DAVISON et al.

(Supreme Court, Appellate Division, First Department. April 15, 1898.)

1. FRAUDULENT CONVEYANCE—EVIDENCE.
    A firm of brokers, after assigning to one creditor all stocks, bonds, and other securities held and owned by them, and all margins, equities, and other interests therein, kept the transfer secret until after they had made, a month later, a general assignment for creditors. *Held*, that while this fact, of itself, would be strong evidence of a fraudulent intent or purpose, yet as all the parties to the transfer believed when it was made that the firm was solvent, and there was no one, to whom it was under obligation to reveal the transfer, who was injured by the secrecy, and a publication of it would have precipitated a failure which was then believed to be avoidable, the secrecy observed was not subject to criticism.

2. SALE—FAILURE TO RECORD OR DELIVER—PLEDGED PROPERTY.
    Where stocks and bonds have been pledged as security, a subsequent transfer by the pledgor to a third party of his equity therein is not within the scope of 2 Rev. St. p. 136, § 5, and Laws 1833, c. 279, requiring, in certain cases, delivery or filing; for the property transferred is not at the time of transfer in the pledgor's possession, nor is it "goods and chattels," within the statutory meaning.

3. ASSIGNMENT FOR CREDITORS—VALIDITY.
    The mere fact that, on the day preceding a general assignment for creditors, a promissory note of the debtor is presented, and paid by him, or that on the day of the assignment he draws a sum of money from his bank account, does not justify a finding that the assignment was invalid.

Appeal from judgment on report of referee.

Action by the National Hudson River Bank against Henry J. Davison, Jr., and others. From a judgment entered on the report of a referee, defendant Walter Cox appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, INGRAHAM, and McLAUGHLIN, JJ.

Robert P. Harlow, for appellant.

James G. Janeway, for respondents Richard and August Heckscher.

Henry S. Bennett, for respondent Davison.

McLAUGHLIN, J. In March, 1888, the firm of George K. Sistare's Sons borrowed from the plaintiff, the National Hudson River Bank, the sum of $15,000, and, as collateral security for the payment of the same, pledged certain stocks and bonds. The money thus borrowed remained unpaid until after the several transfers hereinafter mentioned, when the plaintiff instituted this action to foreclose its lien upon the collateral pledged. The action was prosecuted to, and resulted in, a judgment of foreclosure and sale. The judgment, in addition to directing a sale, provided:

"That further directions as to payment of, or delivery of, such surplus money and property, if any, to the owner thereof, be reserved until it shall be ascertained, by further proceedings to be taken herein by and between the defendants herein, or some of them, to whom such surplus belongs; and thereupon such further directions shall be made at the foot of this decree, and any or either party hereto has leave hereby to hereafter apply for such further directions at the foot hereof."

A sale was thereafter had of a portion of the collaterals, and the sum realized therefrom was more than sufficient to extinguish the

plaintiff's claim. The surplus arising from such sale, and the unsold securities thereupon, were deposited with the city chamberlain, to abide the determination of the claims made by the defendants. The respondents Richard and August Heckscher claimed the same by virtue of a written instrument dated the 12th of March, 1890, executed and delivered to them by the Sistare firm; the respondent Davison claimed the same under a general assignment executed and delivered to him by said firm on the 8th of April, 1890; while the appellant claimed as a judgment creditor,—he alleging that the transfer to the Heckschers and the general assignment to Davison were fraudulent and void as to him. Answers were interposed by these parties, setting up their respective claims, and the issue thus raised was sent to a referee to hear and determine; a stipulation having been entered into to the effect that the answers interposed should be treated as counterclaims. The referee sustained the claim of the Heckschers, and made a report in their favor, upon which the judgment appealed from was entered. The appellant attacks this judgment, and insists that it should be reversed, upon two grounds: (1) Because the transfer to the Heckschers and the general assignment to Davison constituted a scheme "to hinder, delay, and defraud creditors"; (2) because each of said instruments, taken separately, "was a fraudulent conveyance, as to the defendant Clark, within the meaning of the statute."

Upon the trial it appeared that in February, 1889, James Clark delivered to the Sistare firm certificates representing 300 shares of the common stock of the St. Paul & Duluth Railroad Company, under an agreement that the same should be returned to him on demand, or in default thereof he should be paid the market value of the same; that a demand was not made for the return of the certificates until the 10th of April, 1890, and, it not then having been complied with, an action was brought to recover from the Sistare firm the value of the stock, which resulted in a judgment in Clark's favor for such sum; that execution was thereafter issued upon the judgment, which was returned wholly unsatisfied; and that, after the commencement of this action, Clark died, and defendant Cox, as his administrator, was substituted in his place. It also appeared that on the 12th of March, 1890, the Sistare firm was indebted to the defendants Richard and August Heckscher in a large sum, and on that day the firm and the individual members thereof executed and delivered to the Heckschers an instrument under and by which the firm sold and assigned to them "each and every of the stocks, bonds, and other securities held and owned by us, whether the same are in possession, or are pledged as security for loans made to us, wherever the same may be held, and also all the margins, equities, or other interests of every description which we have in any such stocks, bonds, or other securities, and authorize them or their agent or representative to demand, sue for, and recover all and every such stocks, bonds, securities, equities, or other interests." It further appeared that on the 8th of April, 1890, the Sistare firm made a general assignment for the benefit of creditors to the defendant Davison.

After a careful consideration of the voluminous record before us, we are satisfied with the conclusion reached by the referee,—that, when the transfer·was made by the Sistare firm to the Heckschers, all of the parties to it believed that the firm was solvent, and an assignment for the benefit of creditors was not then contemplated. Indeed, we are unable to see how any other conclusion could have been reached by the referee from the evidence offered upon the trial. There was nothing to indicate that this transfer and the subsequent assignment were in any way connected, either by intent or act of the Sistare firm or the Heckschers. The contention, therefore, of the appellant, that the transfer and general assignment constituted "one scheme to hinder, delay, and defraud creditors," may be dismissed without further consideration.

The appellant, however, strenuously urges that the transfer to the Heckschers was fraudulent and void (1) because it was given with the intent to hinder, delay, and defraud creditors; (2) because there was not an immediate delivery or change of possession of. the property transferred; (3) because the instrument was not filed or recorded as required by statute.

We do not think that this instrument is subject to the criticism made upon it by the appellant. The fact that the transfer was kept secret until after the general assignment was made, of itself, would be strong evidence of a fraudulent intent or purpose; but, when viewed in the light of the other circumstances, it is not subject to that criticism. It will be borne in mind that when this instrument was executed a statement had been prepared by the firm, and delivered to the Heckschers, which showed that it had assets largely in excess of its liabilities, and that the statement had been verified by one or both of the Heckschers by an investigation of the affairs of the firm, both in New York and Philadelphia, and that such investigation indicated the solvency of the firm. If the firm was solvent, there was no reason why the plaintiff should be notified of the transfer of the equities. Notice to that effect could in no way alter or change its position. It had the securities. The Sistare firm did not obtain further credit upon the strength of them. No one was injured by keeping the matter secret, unless it was Clark; and, as to him, the Heckschers were under no obligation to notify him, while to have made the matter public would have doubtless brought upon the firm the very thing which all of the parties then thought could be avoided, namely, its failure. The keeping of the matter secret was not questionable, or even unusual.

But it is said that this transfer was void because there was not an immediate delivery or change of possession of the property transferred, and because the instrument effecting that transfer was not filed and recorded in accordance with 2 Rev. St. p. 136, § 5, and chapter 279, Laws 1833, as amended. We do not think the statutes referred to are applicable, for the reason that the property transferred was not in the possession of the Sistare firm at the time the transfer was made, nor was the same "goods and chattels," within the meaning of the statute. The Revised Statutes referred to declare that every sale or mortgage by the owner of goods and chattels in

his possession, unless accompanied by an immediate delivery or continued change of possession, shall be presumed to be fraudulent, while the act of 1833, as amended, provides that every mortgage of goods and chattels which is not accompanied by an immediate delivery and change of possession shall be void, as against creditors, etc., unless filed. These statutes, it will be observed, apply only to property in the possession or control of the vendor or mortgagor. Nash v. Eli, 19 Wend. 523; Goodwin v. Kelly, 42 Barb. 194; Mumper v. Rushmore, 79 N. Y. 19. The words "goods and chattels" do not include choses in action, but only personal property which is visible, tangible, and movable. Booth v. Kehoe, 71 N. Y. 341; State Trust Co. v. Casino Co., 19 App. Div. 344, 46 N. Y. Supp. 492; Haskins v. Kelly, 1 Rob. (N. Y.) 170; Bacon v. Bonham, 27 N. J. Eq. p. 212; Kilbourne v. Fay, 29 Ohio St. 264; Marsh v. Woodbury, 1 Metc. (Mass.) 436. The property transferred to the Heckschers could not be delivered. All of it had been prior to that time transferred to third parties as collateral security for the payment of loans made thereon. At most, what was transferred was a mere naked equity of redemption. This could not be delivered, and the statute referred to does not require an impossibility; neither does the recording act contemplate or require that such a transfer shall be filed.

But, if it be conceded that the transfer to the Heckschers was void for any of the reasons assigned by the appellant, it does not aid him, unless the general assignment was also declared to be invalid. Loos v. Wilkinson, 110 N. Y. 195, 18 N. E. 99; Crouse v. Frothingham, 97 N. Y. 105–113. The referee reached the conclusion—and we think the evidence fully justified him in doing so—that the assignment was valid. Indeed, the only separate attack that was made upon it was "that substantial assets were withheld from the assignee, and appropriated to the use of the assignors." The evidence does not justify the criticism made by the appellant in that respect. On the morning of the 7th of April a note held by the Garfield National Bank was presented to, and paid by, the Sistare firm, but in making the payment there is nothing connected with the transaction which raises the slightest suspicion of a fraudulent purpose on its part. The same may be said as to the $800 drawn from the bank the day the assignment was made. What was done with this money, the evidence fails to show. The fact that this sum was drawn from the bank at that time was of itself insufficient to justify the referee in declaring the assignment invalid. Shultz v. Hoagland, 85 N. Y. 471. Non constat all of it was used in paying valid and subsisting obligations of the firm.

We think the judgment was right, and that it should be affirmed, with costs to the respondents Heckscher. All concur.

INGRAHAM, J., concurs on the ground that the general assignment was not fraudulent.