### BESKIN v. FEIGENSPAN.

(Supreme Court, Appellate Division, Second Department. June 28, 1898.)

1. CHATTEL MORTGAGE—BONA FIDE PURCHASER.

> While the title of a purchaser of chattels which are subject to a mortgage, and whose purchase is made before the time when it is necessary, by the statute, to refile, is not increased, or the property relieved from the lien, by the mortgagees' failure to refile it, a subsequent purchaser in good faith from him, after that time has expired, acquires an absolute and unincumbered title to the property.

2 SAME—DEMAND BY MORTGAGEE.

> If chattels subject to a mortgage are in the possession of a tenant of the owner, a mere demand made by the mortgagee upon the tenant for the possession thereof, accompanied by a written notice that he had taken possession of them, does not constitute a sufficient change of possession to relieve the mortgage from the provisions of Laws 1833, c. 279 (now the Lien Law; Laws 1897, c. 418, § 90), as against a subsequent purchaser in good faith after default in refiling the mortgage.

Appeal from trial term, Kings county.

Action by Anna Beskin against Christian Feigenspan. Judgment in favor of plaintiff. Defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Russell Headley, for appellant.

John F. Schlosser, for respondent.

CULLEN, J. The action is to recover damages for the wrongful taking and conversion of personal property belonging to the plaintiff. The defendant justified under a chattel mortgage. One Henry Harris originally owned the property in dispute. He executed four mortgages, the first in priority being that given to the defendant. This mortgage was filed on October 21, 1885, and a renewal thereof on October 20, 1896, but not thereafter. On July 15, 1896, under a foreclosure of the other mortgages the title to the property became vested in Antone Dubeski, and was subsequently transferred by him to his wife, Bertha Dubeski. On December 14, 1897, Bertha Dubeski sold the property to the plaintiff. Afterwards the defendant seized the property under his chattel mortgage. As Bertha Dubeski acquired title to the property before the time when it was necessary, by the statute, to refile the defendant's mortgage, her title was not increased, or the property relieved from the lien of the mortgage, by the defendant's failure to refile the mortgage. Meech v. Patchin, 14 N. Y. 71. But, at the time that the plaintiff bought from Bertha Dubeski, the defendant was in default, in failing to refile the mortgage; and the plaintiff, being a purchaser in good faith, acquired an absolute and unincumbered title to the property, although that of her vendor was subject to the mortgage. Dillingham v. Bolt, 37 N. Y. 198.

On October 20, 1896, the property was in possession of a tenant of Mrs. Dubeski. It appears that at this time the defendant's attorney made a demand upon the tenant for the possession of the property, and left a written notice that he had taken possession of it.

Still the property continued as before in the actual possession of the tenant. This was not a sufficient change of possession to relieve the defendant from the provisions of the act of 1833 (chapter 279), which renders an unfiled chattel mortgage void as against creditors and purchasers in good faith. "To satisfy the statute, the possession. must be actual, not merely constructive or legal." Steele v. Benham, 84 N. Y. 634; Camp v. Camp, 2 Hill, 628; Crandall v. Brown, 18 Hun, 461. The defendant contends that as the property was in possession, not of the owner of the mortgaged property, but of a third party, the tenant, a change of possession was not necessary; and he relies on Nash v. Ely, 19 Wend. 523, in support of this claim. It must be borne in mind that there are two statutory enactments. relating to the validity of chattel mortgages,—that of the act of 1833, already cited, and section 5, 2 Rev. St. p. 136 (now reproduced in the lien law and personal property law), which declares that sales. and mortgages of goods and chattels, unless followed by an actual and continued change of possession, shall be presumed fraudulent and void as against creditors or subsequent purchasers in good faith. Even where a chattel mortgage is properly filed, the failure to change possession raises a presumption of fraud. Smith v. Acker, 23 Wend. 653. It was in reference to this provision of the Revised Statutes. that the court held in Nash v. Ely, supra, that where the property is in the possession of third parties the case does not fall within the statute. There is a difference between the language of the two- statutory provisions. The section of the Revised Statutes makes provision for the case of a vendor of goods or chattels "in his possession or control," and merely creates a presumption of fraud in case of a failure to change possession, while the statute of 1833 provides that chattel mortgages shall be absolutely void unless filed as therein directed, and does not limit its application to the cases of a vendor "of goods or chattels in his possession or under his control." We are of opinion that Nash v. Ely, supra, is not in point on the question of change of possession under the act of 1833. If, however, we are in error as to this view, then it must be considered as overruled by the later cases in Hill, Hun, and in the New York Reports, already cited.

The judgment appealed from should be affirmed, with costs. All: concur.