(26 Misc. Rep. 672.)

TILDEN v. TILDEN et al.

(Supreme Court, Special Term, New York County. March, 1899.)

1. EQUITABLE MORTGAGE—WHAT CONSTITUTES.

An agreement by the buyer of goods to give a mortgage to the seller, for their price, on her vested remainder, to be paid on the liquidation of the distribution of the estate of the testator, creates an equitable mortgage on a pro tanto interest in the buyer's vested remainder.

2. SAME—RECORDATION.

An equitable mortgage, to be paid out of a vested remainder, need not be filed as a chattel mortgage, since the statute requires a filing only of a mortgage on personalty capable of delivery.

3. SAME.

The omission to record an equitable mortgage on property not capable of delivery does not affect the right of the mortgagee except as against bona fide purchasers for value, who have recorded their conveyances.

4. SAME—RIGHTS OF SUBSEQUENT PURCHASERS FOR VALUE.

A person claiming the protection of a bona fide purchaser for value against an unrecorded equitable mortgage cannot enforce an agreement whereby the mortgagor, in consideration of a loan of £300, sold an interest of £900 of her one-fourth interest in a vested remainder, with the right to repurchase in three years, and on failure to repurchase in such time the buyer's share to be enhanced by 5 per cent. per annum from such time until the remainder fell into the possession of the seller; but the buyer will be entitled to protection for only the fair amount of his claim.

5. SAME—LIENS—PRIORITIES.
    The holder of a vested remainder gave an equitable mortgage thereon. Afterwards the mortgagor assigned and conveyed the balance of her interest to H., with the agreement that, if the interest became vested in H. before a certain time, H. would pay her half of the net profit realized by him after the payment of all charges and incumbrances. *Held*, that the prior lien is superior to that of H. or the mortgagor.

Action by William Tilden individually and as executor of William Tilden, deceased, against Marmaduke Tilden and others, for a partition. Motion to confirm the report of the referee appointed to ascertain the interests of the respective parties.

Hand, Bonney, Pell & Jones, for plaintiff.

Alexander & Green, for defendant Geo. H. Iago.

Goodrich, Whitney & Hagen, for defendants Lillian E. F. Braddon and others.

Robert H. Worthington, for defendants Henry Isaacs and others.

Charles N. Morgan, for defendants John A. Holdsworth and others.

Willard U. Taylor, for defendant John B. McCarthy, guardian ad litem.

Henry P. Butler, for defendant Beverly B. Tilden.

Charles H. Woodruff, for defendants Marmaduke Tilden and others.

David J. Newland, for defendants Alonzo B. Fuller and others.

Straley, Hasbrouck & Schloeder, for defendant Egbert Lefevere.

Meliss, Pryor & Richards, for defendant Phillip Van Volkenburgh.

Coudert Bros., for defendants Charles Bon and others.

Frayer & Seaman, for defendant W. Vaughn Williams.

RUSSELL, J. Devested of many details essential to be considered in determining the reach of the interlocutory judgment in this action for partition and sale of real and personal property upon the motion to confirm the report of the referee to ascertain the interests of the parties, and about which there is no substantial difference between the contending parties, the improvident transfers by the owner of one-fourth interest in the estate excite the real controversies to be settled. That owner is Mrs. Lillian E. F. Braddon, formerly Mrs. Milano C. Tilden, who received by devise and bequest from her deceased husband this one-fourth interest in his father's estate, which interest was a vested remainder, taking effect in possession on the death of the testator's widow, Almira S. Tilden, on the 22d day of September, 1897. The testator died in June, 1869; and his son, Milano C. Tilden, died in August, 1889. The testator left a large amount of real and personal property in the city of New York, the subject of this action of partition, the value of the real estate not being shown, and the accounting as to the personalty by the executors before the referee displaying, besides the payment of debts and legacies, a residuum of about $400,000. Within about three years preceding his death, by sufferance or action, Milano C. Tilden placed upon his vested

remainder of one-fourth successive liens to the number of 19, now unpaid, and amounting, approximately, to $15,000. After his decease, his widow, now Mrs. Braddon, made various transfers of interests in the one-fourth remainder to the number of 26, aggregating now upwards of $70,000, aside from the transfers to the defendants Bon and Holdsworth. No question is now made by any party against the validity of any of these transfers or liens, except as to the claim of the defendants Bon, who inject their assertion of superior lien to that of some of the others by virtue of priority in time, and in so far as the defendant Holdsworth claims the relics of Mrs. Braddon's interests without diminution by the imposition of the claim of the defendants Bon. The defendants Bon, for goods sold Mrs. Braddon, received at Paris, France, on the 18th of December, 1891, an agreement from her to give a mortgage upon her vested estate and remainder for the sum of 13,750 francs, with 6 per cent. interest, to be paid on the liquidation of the distribution of the estate of William Tilden, deceased. They claim this amounts to an equitable mortgage on a pro tanto interest in her vested remainder. The claim of the defendant Holdsworth is in the agreement of June 4, 1896, succeeding the agreement of the 26th of March, 1896, in the nature of a conveyance and assignment of what was left of Mrs. Braddon's interest, but which contained an agreement that, if that interest became vested in Holdsworth by the 26th of March, 1897, he would pay her the further sum as purchase money, amounting to one-half the net profit realized by him after the payment of arrears of annuity, and the charges and incumbrances, with costs and expenses; but if the possession was delayed longer than that date, the sum of £1,500 was to be deducted for each six months' delay thereafter. By their agreement, undoubtedly, Mrs. Braddon was interested in one-half of the receipts for the remnants of her property, less the forfeits, as a part of the purchase money, if not as an interest definitely retained. Holdsworth and Mrs. Braddon assert that this agreement between themselves devested her of all possible claim to the property, and substituted Holdsworth as the recipient, bound only by his personal agreement to properly account to her, which agreement is enforceable only outside of the domain of this litigation. They maintain, also, that the Bon claim is valueless as a lien, because it was not a mortgage in præsenti, and no notice was had of its existence by Holdsworth or any of the prior lienors, they occupying, as is claimed, the position of bona fide purchasers for value.

Let us, then, judge as to the effectiveness of the claim of the defendants Bon. It is prior in point of time to the most of the other 25 transfers or liens executed by Mrs. Braddon, and is founded upon a just consideration. It was not a mortgage in itself, but an agreement to give a mortgage; not for a consideration in the future, but for one that was past; and not upon property to be acquired in the future, but upon a vested interest then owned by the debtor. As between the debtor and the creditor, the agreement was perfectly enforceable, and created a situation in which

equity recognizes that as done which ought to be done. It becomes, therefore, an equitable mortgage. Payne v. Wilson, 74 N. Y. 348; McCaffrey v. Woodin, 65 N. Y. 459. This equitable mortgage did not need to be filed as a chattel mortgage, for the statute requiring such filing includes only a mortgage upon personalty which is capable of delivery. Bank v. Chaskin, 28 App. Div. 311, 51 N. Y. Supp. 64; Booth v. Kehoe, 71 N. Y. 341; State Trust Co. v. Casino Co., 19 App. Div. 344, 46 N. Y. Supp. 492. Mrs. Braddon's remainder in the personalty was an interest which could not be accompanied by possession at the time of the transaction with the Bons. Nor does the omission to record deprive the mortgagee of any rights except as against those who were bona fide purchasers for value, and have recorded conveyances. Westbrook v. Gleason, 79 N. Y. 23. Therefore the claim of the defendants Bon to payment according to priority is good as against all the transferees or lienors subsequent in date, except those who were purchasers for value. The judgment must, therefore, provide for the payment of this claim, if sufficient remains, placing the claim in due order after those whose transfers or mortgages were recorded, except as otherwise indicated in this opinion. Should such deferring to purchasers for value be as broad as their claims, or limited by any consideration? Under the argument of the counsel for the Bons it is only necessary to consider in the answer to this inquiry the nature of the claims of Stuart, Iago, Hartland, and Holdsworth. Stuart let Mrs. Braddon have £300, and she sold and conveyed to him an interest of £900 of her one-fourth interest, with the right to repurchase before February 9, 1895. If, during that three years, the interest was not repurchased, then Stuart's share was to be enhanced by 5 per cent. interest from February 9, 1895, until the remainder fell into possession by the death of the widow. It is very clear that this was a very improvident agreement. The personalty alone was undoubtedly sufficient to provide security for a loan of £300 at that date, in 1892. The space of three years was the only period of forbearance within which the £900 did not draw interest. Upon the usual principle of life expectancies, the sum of £360 would have been sufficient to have justified the advancing of £300 for the probable period of delay in payment. The transfer was not the purchase of a contingency, but of a certainty; and interest of 5 per cent. on the larger sum, or 15 per cent. on the amount really advanced, was contracted for after the period of three years, besides the swelling of the sum advanced triply at the period of maturity. The ratio of the Hartland sale was that of £100 advanced to £400 of interest transferred; that of Iago's £100 to £350. These persons, claiming the benefits of protection as purchasers for value, cannot extend that shield of protection to cover inequitable claims. The law in regard to want of notice designs to preserve innocence from loss. Therefore, as was pointed out by Chief Justice Van Brunt in Friedman v. Hirsch (Sup.) 18 N. Y. Supp. 85, substantial justice will give to the purchaser the fair amount of his claim, but will not go further. See, also, Boyd v. Dunlap, 1 Johns. Ch. 478; Dunn v. Chambers, 4 Barb. 376. The claim of the defendants

Bon will therefore be subject in juniority to the amounts advanced by Stuart, Iago, and Hartland, with lawful interest from the time of those advances.

Granting to Holdsworth all that he can possibly claim, with the forfeits for delay, and not inquiring into the actual amount of any advances he has made to Mrs. Braddon, the contemplation of the agreements between them embraces obligation of payment of the amount due the defendants Bon. The legal theory of those agreements, whether Holdsworth acts under a virtual power of attorney, coupled with an interest, or as assignee, subject to the burdens imposed, is that the prior transfers or liens should be fully paid before any division between himself and Mrs. Braddon; and in no other manner could it be ascertained what the net profits were. Independently, therefore, of other considerations, the Bon claim is superior to that of Holdsworth, and, necessarily so, to any which Mrs. Braddon may urge. I do not consider the wasteful character of the transfers by Mrs. Braddon except as they clash with claims of the defendants Bon. Neither she nor Holdsworth urge any diminution on that account, and no other party invokes inquiry.

In the judgment to be entered there may be properly a division among those rightfully entitled to the proceeds of three of the four shares. There need be no tying up of any sum out of the fourth share larger than is necessary to provide for the payment to the defendants Bon, Stuart, Iago, Hartland, Holdsworth, and Mrs. Braddon, and expenses of further litigation. Eliminate the amount the defendants Bon claim by consent of counsel or other arrangement, and the necessity for further accounting ends. The court will not direct any accounting between Holdsworth and Mrs. Braddon, they protesting against such action, unless the interest of other defendants intervene. That of the defendants Bon alone prevents the whole of the fourth part from being divided as well as the others. If, however, no arrangement can be made, and the strict, legal rights of the parties are to be carried out to the end, the reference in the interlocutory judgment will be, not only to sell the real estate, but to take an accounting as between the defendants indicated to place the divisible shares upon the proper basis. In preparing the interlocutory judgment, care will be taken to reduce the amounts named in the evidence by francs and pounds into dollars, and also let the error of the referee as to Phillip Van Volkenburgh's claim be rectified. Prepare interlocutory judgment in accordance with the suggestion of this opinion, and serve notice of settlement.

Ordered accordingly.