OLIVER H. BOOTH et al., Respondents, *v.* MATTHEW KEHOE et al., Appellants.

The provisions of the act in reference to chattel mortgages (chap. 279, Laws of 1833), declaring them void as against creditors when not filed, and when not accompanied by immediate delivery and followed by actual and continued change of possession, and the provision of the Revised Statutes (2 R. S., 136, § 5), declaring sales or mortgages of chattels to be presumptively fraudulent when not accompanied by delivery and followed by change of possession, have no application to leases of real estate; and an omission to file any instrument transfer-

ring a lease as a security, or a failure of the transferee to take possession of the lease or of the demised premises, does not render the transfer void as to creditors, or raise a presumption of fraudulent intent.

(Argued November 19, 1877; decided December 4, 1877.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiffs, entered upon a decision of the court at Special Term.

This action was brought by plaintiffs as judgment-creditors of defendant, Patrick Kehoe, to secure payment of their debt out of property alleged to have been transferred by him by bill of sale to the other defendants in fraud of his creditors.

The facts appear sufficiently in the opinion.

*De Witt C. Brown,* for appellants. The court erred in finding that defendants did not take possession of the property. (*Mason* v. *Lord,* 40 N. Y., 477; *Putnam* v. *Hubbell,* 42 id., 106; *Beck* v. *Sheldon,* 48 id., 369; *Meacham* v. *Burke,* 54 id., 217; *Fordham* v. *Smith,* 44 How. Pr., 472.)

*Thomas Nolan,* for respondents. There was no sufficient change of possession. (*Adams* v. *Davidson,* 10 N. Y., 309; *Butler* v. *Stoddart,* 7 Paige, 163, 166; *Tilson* v. *Terwilliger,* 56 N. Y., 273; *Barney* v. *Griffin,* 2 id., 369; 8 Ired. [N. S.], 73; 53 Penn., 256; Bump. on Fraudulent Conveyances, 170, 171, 200–204.)

Miller, J. According to the findings of the judge upon the trial the bill of sale executed by Patrick Kehoe to Matthew Kehoe and son, which conveyed and transferred the lease of the building, and of one of the stores therein mentioned, and the stock, fixtures, and other personal property in the stores occupied by said Patrick Kehoe, was executed, delivered, and received as a mortgage in security for the payment of a debt of fifteen thousand dollars. It is also found that the bill of sale referred to was not filed as a mort-

gage as required by the statute, and possession of the property described in the same not having been taken or changed, it was adjudged that the transfer thereof was fraudulent and void as against the plaintiffs and the creditors of Patrick Kehoe, and that it was made with an intent to defraud creditors. The judgment also directed that the plaintiffs were entitled to recover the amount of their demand out of the property mentioned and described in said bill of sale, and appointed a receiver to sue and dispose of sufficient to satisfy the plaintiffs' claim.

The bill of sale in question operated as an assignment of the leases therein described, and being founded upon a sufficient and valid consideration, transferred all the interest of Patrick Kehoe by virtue thereof, as security for the indebtedness which he owed. It could in no sense be regarded as a mortgage upon the leases, the same as it was adjudged to be in respect to the personal chattels, and these instruments did not stand in the same class of property as the other chattels which were covered by the bill of sale. Leases for years are chattels real, and not mere chattels (2 Kent, 342), and the assignment of a lease is not subject to the same rules as are applicable to a bill of sale or to a mortgage upon personal property.

A mortgage or conveyance intended to operate as a mortgage of goods and chattels, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is void as against creditors, unless the mortgage or a copy is filed as required by statute. (4 Stat. at Large [Edmund's ed.], pp. 435, 436.) So, also, a sale or mortgage not followed by an actual and continued change of possession of the property sold is presumptively fraudulent and void as against creditors. (3 R. S. [5th ed.], 222, § 5.) These provisions, however, have no application to leases of real estate. They are not usually the subject of a mortgage, and the statutory provision cited has no reference to this species of property. They relate to goods and chattels

which can be removed from one place to another, and the possession thereof changed, and not to chattels real, or a chose in action.    The filing of a chattel mortgage, therefore, as to a lease would be but an idle ceremony and of no consequence whatever, and there could be no such change of possession, of such an instrument as is contemplated in regard to ordinary chattels.

Nor can a presumption of fraud arise upon the assignment of a lease, the same as upon a sale or transfer of personal property, which is not followed by an actual and continued change of possession.    The actual delivery and the change of possession of the lease itself is not the change intended by the statute or within its meaning.    The omission to reduce the lease to the possession of the assignee, or to file the instrument transferring the same as a mortgage, would not be a violation of the statutes cited, or establish a case of a fraudulent transfer of itself with the intent to hinder, delay, or defraud creditors.    Nor would it affect or impair the right of an assignee to take possession of the demised premises, as such right existed without regard to any such change, and could not be disturbed upon any such ground.

As the judgment on the trial of this action included the leases in question, it is manifest that it was erroneous. While it may have been justified as to the stock in the store, fixtures and other personal property, it cannot be upheld as to the leases, and the assignment of the same cannot be set aside upon any such ground as was adjudged in regard to the transfer of the other property.    As to the leases, the bill of sale conveyed a good title, and no valid ground is stated for directing a sale thereof the same as the other personal property, as the judgment provides.    The court were clearly wrong in not making a proper discrimination in this respect, and as this error must lead to a new trial, it is not necessary to consider some other questions raised.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

All concur, except ALLEN, J., absent.

Judgment reversed.