# Cases

# FOURTH DEPARTMENT

AT

## GENERAL TERM

### April, 1888.

---

MARY HARRISON, Respondent, v. AUGUSTUS BURLIN-
GAME, Appellant, Impleaded, etc.

*An agent empowered to invest money of his principal in bonds and mortgages, and
to collect interest and principal due on them, has no authority to surrender
securities without payment or other consideration — statutes relating to chattel
mortgages do not apply to assignments of mortgages to secure a debt.*

One George Jacobson, being indebted to the plaintiff in the sum of $1,500, assigned
to her, as security for the payment of that sum, with interest, a bond and mort-
gage for $2,000, executed by one George Fowlston, the assignment being attached
to the mortgage. The bond and mortgage and assignment were delivered to and
remained in the possession of one Crozier, who was then, and had for many years
been, the plaintiff's agent in the management of her financial affairs in loaning
money, doing business upon and managing her real estate, in collecting interest
and payments upon notes, mortgages, stocks and such like securities, and in
giving receipts for such payment, but he had never been authorized or permitted
by the plaintiff to cancel or surrender, without consideration, any security or
unpaid or uncanceled obligations.

Crozier afterwards detached the assignment and returned the bond and mortgage
to the mortgagee to enable him to sell it to the defendant, the mortgagee knowing
that the mortgage was surrendered by Crozier without the plaintiff's knowledge
or consent, and not giving, or agreeing to give, any other security to replace it.
The mortgage was thereafter assigned by a written assignment and delivered to
the defendant, who purchased it in good faith, without knowledge that the plain-
tiff had, or had ever had, any interest in it by assignment or otherwise, and paid
therefor its face value and interest, less either fifty or seventy-five dollars. The

assignment to the plaintiff was recorded, after the defendant had purchased the mortgage, but before his assignment had been recorded.

*Held,* that, as Crozier had neither express or implied authority to surrender the mortgage, the mortgagee acquired no additional interest in it by reason thereof, and that the defendant's title was subject to the plaintiff's interest which she had acquired under her assignment.

The authorities cited and held to decide that the power to surrender securities, without payment or other consideration, was not an incident to an agent's employment to loan money and collect interest or principal on notes or other securities held by him for his principal.

The defendant contended that the assignment by the mortgagee to the plaintiff having been made as security for a sum less than the amount of the mortgage, it was, in effect, merely a mortgage of a mortgage, and hence subject to the statutes relating to chattel mortgages, which require an immediate and continued change of possession of the property mortgaged, or that the mortgage be filed.

*Held,* that the contention could not be sustained.

That the statutes relating to chattel mortgages were not applicable to this case.

*Booth* v. *Kehoe* (71 N. Y., 343) followed.

APPEAL by the defendant from a judgment, entered upon the trial of this action at a Special Term, held in Chenango county, in favor of the plaintiff and against the defendant, Augustus Burlingame, awarding to plaintiff the money in dispute, $1,290.17, paid to the county treasurer under and pursuant to the stipulation herein, to take the place of the mortgage in question, and also judgment for the sum of $381.15, an amount collected by Burlingame on such mortgage more than he was entitled to, and also $147.11 costs.

This action was commenced December 9, 1884, against George Fowlston and Sarah G., his wife, mortgagors, and the defendant, Augustus Burlingame, an assignee of the mortgage in question, claiming sole and absolute ownership thereof, by Mary Harrison, also an assignee of the same mortgage, the plaintiff claiming ownership thereof and of the money collected thereon by the defendant Burlingame, to an extent sufficient to pay a note held by her, and on which was due and unpaid at date of trial the sum of $1,681.32, and asking for the foreclosure of such mortgage, and for an accounting by Burlingame for the money he had collected on the mortgage, and for a judgment for any amount he had collected and retained more than he was entitled to. Both claimed under assignments from the mortgagee, George R. Jacobson; the defendant Burlingame, absolutely, and the plaintiff as collateral to the note.

Under a stipulation and an order duly made and entered thereon, Fowlston, the mortgagor, paid into court $1,290.17, the balance due and unpaid on the mortgage, to take the place of the mortgage, and the defendant Burlingame was, in case of a recovery against him, to be responsible for payments made to him on the mortgage. Then the action was discontinued as to Fowlston and wife, and the mortgage was canceled.

*Isaac S. Newton,* for the appellant.

*George W. Ray,* for the respondent

MARTIN, J. :

While this was an action to foreclose a mortgage, still the proceedings therein were such as to result in leaving the question whether the mortgage was owned by the respondent, or whether it was owned by the appellant, as the principal, if not the only question to be determined in the action.

The mortgage was for $2,000. The mortgagee assigned it to the plaintiff as security for the payment of $1,500 and interest. The assignment was in writing and attached to the mortgage. The transaction, which resulted in such assignment, was had between the mortgagee and one Crozier, who acted as plaintiff's agent. Crozier afterward detached the assignment and returned the mortgage to the mortgagee to enable him to sell it to the appellant. The mortgagee then sold it to the appellant, who purchased it in good faith, without knowledge that the respondent had, or had ever had any interest in it by assignment or otherwise. The appellant paid for this mortgage its face value and interest, less fifty or seventy-five dollars. It was assigned to him by the mortgagee by an assignment in writing, and the mortgage was delivered to and retained by him up to the time of the trial. The assignment to the respondent was not recorded until after the appellant had purchased and paid for such mortgage. The assignment to the respondent was, however, recorded before the assignment to the appellant was recorded. An important question, and one upon which the correctness of the judgment appealed from greatly depends, is whether Crozier had authority from the respondent, either express or implied, to surrender up to the mortgagee the mortgage in question, and thus deprive her of

the rights which she had acquired under and by virtue of such assignment.

The learned trial judge has found that Crozier was and had for many years been the plaintiff's agent in the management of her financial affairs in loaning money, doing business upon and manageing her real estate, in collecting interest and payments upon notes, mortgages, stocks " and such like securities," and in giving receipts for such payments, but that he was never authorized or permitted by the respondent to cancel or surrender, without consideration, any security or unpaid or uncanceled obligations. The court also found that the mortgagee knew that this mortgage was surrendered up to him by Crozier without the respondent's knowledge or consent, and found that no other security was given or agreed to be given when this mortgage was thus surrendered. We think the evidence was sufficient to sustain these findings.

There was no proof that the respondent had ever given Crozier any express authority to surrender this mortgage, or to surrender any unpaid mortgage or security without her consent; but on the contrary, she testified that she had given him no such authority. Hence the question arises, whether such surrender was within his apparent authority. Authority to an agent to transact any business or perform any act carries with it or includes in it as an incident all the powers which are necessary, proper or usual as means to effectuate the purpose for which it was created. In this respect there is no distinction whether the authority given is general or special, or whether it is express or implied. In each case it embraces the appropriate means to accomplish the desired end. (Story on Agency, § 97.) It is a general rule of the law of agency that the principal will be bound by such acts as he permits to be done with his knowledge, and without objection on his part, when they affect the rights of innocent third persons; but if the agency arises by implication from previous acts of the agent with the tacit consent or acquiescence of the principal, such agency will be limited to acts of like nature. In this case the proof was that Crozier had been employed and permitted by the respondent to manage her financial affairs to the extent of loaning money for her, collecting interest and payments on notes, mortgages, stocks and other securities. From this proof can it be implied that he also possessed the power to

surrender the plaintiff's securities without payment? In other words, is the act of surrendering up securities without payment so far an incident to the business of collecting or loaning money, that the power to do the former will be implied from an employment to do the latter? The authorities seem adverse to such a doctrine.

In *Stilwell* v. *Mutual Life Insurance Company* (72 N. Y., 385), it was held that authority to make a contract for another was insufficient to authorize its cancellation or surrender. In that case the husband, as her agent, applied for and secured a policy for the plaintiff, and the court held that he had no power or authority to surrender or rescind it without her consent. In *Doubleday* v. *Kress* (50 N. Y., 410), where the payee of a note payable to his order and not indorsed by him, delivered it to an agent with authority to receive the interest thereon and to take a new note with an indorser, and the maker paid principal and interest to the agent, it was held that the agent was not authorized to receive payment of the principal in money. In *Smith* v. *Kidd* (68 N. Y., 130), it was held that the fact that an attorney was employed by one proposing to loan money on bonds and mortgage, to draw the papers, and that the money was advanced upon the securities through the attorney, is no proof of authority upon his part to collect the principal where he has not been intrusted with the custody of the security; nor can it be inferred that the attorney was authorized to receive the principal from the fact that he had authority to collect the interest. In *Brewster* v. *Carnes* (103 N. Y., 556), it was also held that authority to an attorney to collect interest on a mortgage does not authorize him to collect the principal.

In *Crane* v. *Evans* (1 N. Y. State R., 216) the plaintiff empowered one Baker to collect and receive the interest as it accrued on defendant's mortgage, which was to run five years. The money was loaned through Baker's agency, and the bond and mortgage was left with him for a time. The plaintiff afterward took it. Baker received a part of the principal before the plaintiff took the mortgage, and the balance afterward, but all before it was due. The mortgagee received none of the principal from Baker and did not know of its payment. It was held that defendant was bound to know the extent of Baker's agency; that a mortgagor who pays principal upon a mortgage to any one but the mortgagee does so at his peril; that in

order to hold the principal to such payment he must be prepared to prove express authority. In *Von Wien* v. *Scottish Union and National Insurance Company* (32 Alb. Law Jour., 488), it was said that "authority to make a contract for another does not carry with it by implication authority to cancel that contract," and the cases of *Hodge* v. *Security Insurance Company* (33 Hun, 583); *Stilwell* v. *Mutual Insurance Company* (*supra*); *Van Valkenburgh* v. *Lenox Fire Insurance Company* (51 N. Y., 469), and *Grace* v. *American Central Insurance Company* (109 U. S., 278), were cited as sustaining that proposition. (See, also, Story on Agency, §§ 98, 99.)

We think the principle of the authorities cited decisive of the question under consideration; that it must be held that the power to surrender securities without payment or other consideration, is not an incident to an agent's employment to loan money and collect interest or principal on notes or other securities held by him for his principal; and that Crozier had neither express nor implied authority to surrender up the mortgage in question. If this surrender was, as we have held, without authority, then it is clear that the mortgagee acquired no additional interest in the mortgage by reason thereof, and that as between him and the respondent his title was subject to the respondent's interest which she had acquired under her assignment. The appellant, by virtue of the assignment to him, acquired no greater rights in or to such mortgage than were possessed by the mortgagee at the time of the assignment to the appellant. In *Westbrook* v. *Gleason* (79 N. Y., 29, 30) EARL, J., in delivering the opinion of the court, says: "A mortgage under our laws is a mere chose in action; and aside from the force of the recording statute, an assignee thereof — so far as concerns his right as such to enforce the same — must be treated like the assignee of any other chose in action. What the assignor could have done while owner to enforce the same he can do, and no more. He takes the precise position of the assignor. He can obtain by the assignment no greater or better right than the assignor had. While an assignee of a chose in action may now enforce the same in his own name, he must do it subject to all the defenses and equities which would have existed and affected it if the action had been in the name of the assignor, as it was originally required to be. The

assignee of a mortgage takes it not only subject to all the equities existing between the parties to the instrument, but it is now too well settled to need further discussion that he takes it also subject to all equities which third persons could enforce against the assignor." This case is, we think, conclusive upon this question.

But the appellant contends that the assignment by the mortgagee to the respondent having been as security for a sum less than the amount of the mortgage, it was in effect merely a mortgage of a mortgage, and hence subject to the statutes relating to chattel mortgages, which require an immediate and continued change of possession of the property mortgaged, or that the mortgage be filed. We do not think this contention can be sustained. In *Booth* v. *Kehoe* (71 N. Y., 343), it is said, the provisions of those statutes have no application to leases of real estate; that they relate to goods and chattels which can be removed from one place to another, and the possession thereof changed, and not to chattels real *or a chose in action.* We do not think the statutes in relation to chattel mortgages applicable in this case, or that the law required the respondent to file her assignment as a chattel mortgage, or to have actual and continued possession of the mortgage assigned in order to protect her interest as against a subsequent purchaser of it.

The appellant's claim that the plaintiff cannot contest the defendant's title, because she conferred upon the mortgagee the possession and apparent title to this mortgage, thereby enabling him to give possession and an apparent title to the appellant, cannot be sustained.

Crozier having had no authority to surrender this mortgage, it is manifest that the appellant's claim must fail, as the facts upon which it is based do not exist.

It is not quite apparent to us how the statute of limitations has any application here.

Nor do we think there were any exceptions to the admission or rejection of evidence requiring special examination, or that require or would justify a reversal of the judgment herein.

Hence, we conclude that the judgment appealed from should be affirmed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment affirmed with costs.