# THE

# New York Supplement

## VOLUME 41.

---

(18 Misc. Rep. 327.)

### STATE TRUST CO. v. CASINO CO. et al.

(Supreme Court, Special Term, New York County. October, 1896.)

CHATTEL MORTGAGES—NECESSITY OF FILING—CHATTELS REAL.

> Laws 1892, c. 677 (Statutory Construction Act), defining "real property" as meaning "real estate, lands, tenements, and hereditaments, corporeal and incorporeal," and "personal property" as including "chattels and everything except real property," does not render applicable to mortgages of leasehold interests in land Laws 1833, c. 279, requiring mortgages of "goods and chattels" to be filed.

Action by the State Trust Company, as trustee, against the Casino Company and others.

Samuel Untermyer, for plaintiff.
Michael H. Cardozo, for defendant American Exch. Nat. Bank.
Julius J. & A. Lyons, for defendant Franklin Bien, receiver.
Louis Wendel, Jr., for defendant A. Ryman Maxwell.

BEEKMAN, J. This action is brought to foreclose a mortgage made by the defendant Casino Company to the plaintiff to secure the payment of certain bonds issued by it. The mortgage covers certain leasehold premises owned by it, and also certain chattels, consisting of machinery, chairs, scenery, and other like articles, constituting the theatrical equipment of said defendant for the business which it carried on upon the premises above referred to. Its affairs having fallen into disorder, the movable portions of the equipment were placed on storage by its duly-authorized agent with the defendant Maxwell, who was a storage warehouseman, and who now retains the property, claiming a lien thereon for his charges.

The question of the validity of this lien has undergone judicial examination in a collateral proceeding, and its existence and priority over that of the plaintiff by virtue of the mortgage has been determined by the appellate division in favor of Maxwell. State Trust Co. v. Casino Co., 5 App. Div. 381, 39 N. Y. Supp. 258. As the additional facts developed upon the trial serve only to strengthen this claim, the decision there made controls the disposition of this case.

Were this the only question within the issues, I should have nothing further to say; but the defendants the American Exchange National Bank and the receiver both contend that the mortgage is void as to them by reason of the fact that it is a chattel mortgage, and has not been refiled as required by law; and the claim is made that this infirmity extends to all of the mortgaged property. including the leasehold interest. If this be a correct construction of the law, the consequences are likely to be grave indeed, as it is contrary to the consensus of professional opinion, and the long-established practice of the bar in dealing with mortgages on leasehold property. The court should therefore proceed with the most careful deliberation, and be satisfied with nothing less than the plain demands of sound reason, before holding that a mortgage upon a leasehold interest in real property must be originally filed and annually refiled as a chattel mortgage under the penalties of the act. As both reason, common consent, and authority are opposed to the claim so made, I should have passed the point by unnoticed, were it not for the insistence of learned counsel upon the trial that the appellate division, in the above-quoted case, has actually so held, and I am admonished by them that I must subordinate my personal views on the subject to those expressed by the learned appellate court, which is said to have thus declared the law of this case. I recognize the existence of the rule and its value, as well as the duty of the trial judge to obey it with exactness; but I venture to differ with counsel as to its relevancy here. A careful study of the opinions in the case has completely satisfied me not only that no such point was involved or decided, but that neither of the learned justices who wrote them for a moment thought of expressing any such opinion, as I shall endeavor to show further on, after a few words upon the merits of the question itself.

The chattel mortgage act was passed in 1833 (chapter 279). Section 1 provides as follows:

"Section 1. Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed as directed in the succeeding section of this act."

The statement cannot be successfully challenged that for the period of 60 years the words "goods and chattels," as contained in this act, have not been considered as including leasehold interests in real estate, or "chattels real," as they are elsewhere called in the statute law of the state. Indeed, the context of the entire act plainly shows that the legislature had only in mind concrete property having tangible existence and susceptible of manual transfer. The question, however, is conclusively settled by a decision of the court of appeals construing the act, and holding that it does not apply to mortgages of leases of real estate. Booth v. Kehoe, 71 N. Y. 341. Such mortgages are subject only to the provisions of the chapter of the Revised Statutes respecting the record of conveyances. It is there provided that "as used in this chapter" the

term "real estate" shall embrace all "chattels real," and that the term "conveyance" as used therein shall embrace "every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned." 3 Rev. St. (Birdseye's Ed.) p. 2561. It will be noticed that this statute does not undertake to declare that chattels real are real estate, but that for the purposes of the act only the term "real estate" as used therein shall embrace such chattels. But the claim seems to be made that the definitions of "real property" and "personal property" contained in the "Statutory Construction Law" (Laws 1892, c. 677, §§ 3, 4) now require a different construction of the chattel mortgage act, and one which will bring within its scope mortgages on leaseholds. There is no force in this contention. Estates for years have always been classified as chattel interests, and properly fall under any definition of personal property (2 Rev. St., Birdseye's Ed., p. 2942, c. 82, § 6; Despard v. Churchill, 53 N. Y. 199); so that no change in the law in this regard has been effected. But, even if a new classification had been attempted, the carefully framed provisions of section 1 of the statutory construction law would have forbidden a change in the construction which had been already given to the chattel mortgage act. That section provides that the provisions of the law shall be applicable "to every statute unless its general object or the context of the language construed or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter." As there has, therefore, been no statutory change in the law upon the subject which displaces the decision of the court of appeals in Booth v. Kehoe, supra, the authority of that case continues to be relevant and controlling.

We are thus brought to a consideration of the claim that the decision in this case reported in 5 App. Div. 381, 39 N. Y. Supp. 259, above referred to, is adverse to this conclusion. The appeal was heard and decided with another, involving the same question, which was taken from an order made in an action brought by the American Exchange National Bank against the Casino Company. Mr. Justice O'Brien prefaces his opinion with the statement that:

"The only question presented by the appeals is as to whether Maxwell's lien for storage charges is paramount to the lien of the mortgage, appellant's claim being that these chattels were covered by the mortgage, and that the claim for storage was subject to the lien of the mortgage; while, on the other hand, it is claimed by the storage warehouseman that the lien of the mortgage had been lost by reason of the failure to refile the said mortgage as a chattel mortgage before the expiration of the year, as provided by law, and that in consequence his lien for storage was a first lien upon the stored property."

It was contended by the plaintiff that it was unnecessary to file or refile the mortgage as a chattel mortgage with respect to the movable property by reason of the provisions of chapter 529 of the Laws of 1895, which contains the provision that:

"It shall not be necessary to file or refile as a chattel mortgage any mortgage creating a lien upon real and personal property which has been or shall hereafter be executed by any corporation."

It therefore became necessary for the court to determine whether the mortgage in question came within the provisions of this act. The act of 1895 was an amendment of chapter 779 of the Laws of 1868, entitled "An act in relation to mortgages by railroad companies," which in terms confined its operation to chattel mortgages executed by "any railroad company." The act of 1895, however, left the title of the act unchanged,—a fact which inclined the court to the construction that, notwithstanding the amendment, the law was still confined to such corporations. But the decision was not placed solely on that ground, for the court, assuming for the purposes of argument that the act as amended was applicable to such a corporation as the defendant Casino Company, proceeds to hold that the mortgage in question does not come within the terms of the act by reason of the fact that it does not create a lien upon real and personal property, but affects personal property only, taking the ground, which is certainly beyond dispute, that a term of years is not, and never has been, real property. The plaintiff was seeking to avoid the loss of its lien upon the movable property by reason of its failure to refile its mortgage, and in order to do so was compelled to take the position that the mortgage came within the provisions of the act of 1895, because it was a mortgage creating a lien upon both personal and real property. The consideration of the court was confined wholly to the construction of this act, and to exposing the fallacy of the claim that the lease in question came within the definition of real property, within the meaning of that act. Nowhere in either of the opinions can anything be found warranting the conclusion that the justices delivering them either expressed or entertained the idea that the chattel mortgage act of 1833 applied to mortgages upon leasehold interests.

The recording acts, to which reference has been made, include terms for years under the definition of real estate, but this was a classification solely for the purposes of the recording act as a matter of convenience, and is in terms expressly limited to "the term 'real estate' as used in this chapter." It was not intended thereby to divest such an interest of its character as personalty, nor did it have any such effect. It was simply a convenient form for expressing the purpose that transfers, by way of mortgage or otherwise, of such interests, should be subject to the recording act in like manner, and with the same effect, as if they were real property.

As I have already stated, it is plain upon an attentive examination of the opinions referred to that the learned appellate court did not decide, and never intended to hold or to intimate, that it was necessary or proper to file and refile a mortgage upon a leasehold interest pursuant to the chattel mortgage act. The whole discussion was directed to the single point that the plaintiff could not claim the benefits of the act of 1895, in relation to mortgages by railroad companies, upon the contention that a mortgage of a leasehold was a mortgage upon real property.

It follows from what has been said that there must be judgment declaring the liens of the defendants with respect to the movable property paramount to that of the plaintiff under its

mortgage, and the lien of the plaintiff with respect to the leasehold. property paramount to those of the defendants, and for the foreclosure and sale of such property. The decision should be noticed for settlement, when I will hear counsel with respect to the question of costs, and also in regard to the form of the judgment in favor of the defendant Maxwell, as to whom, it seems to me, the complaint should be dismissed, in view of the fact that in the action brought by the American Exchange National Bank provision has already been made for the ascertainment of the amount of his lien, and for its liquidation through the agency of the receiver appointed in that action.