(19 App. Div. 344.)

## STATE TRUST CO. v. CASINO CO. et al.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

MORTGAGE OF LEASEHOLD—RECORDING.

The statute relating to the filing of mortgages on goods and chattels does not apply to mortgages of leasehold interests, which are chattels real, and are covered by the statute respecting the record of conveyances of real estate.

Appeal from special term, New York county.

Action by the State Trust Company against the Casino Company and others. From a judgment of foreclosure and sale (41 N. Y. Supp. 1) the receiver of the defendant company appeals. Affirmed.

Argued before WILLIAMS, PATTERSON, O'BRIEN, and IN-GRAHAM, JJ.

Franklin Bien, for appellant.

Moses Weinman, for respondent.

WILLIAMS, J. The mortgage being foreclosed was made by the defendant company to secure bonds issued by it. The mortgage covered a leasehold interest in real property, and movable chattels, consisting of scenery, costumes, and other theatrical appliances. The lease was a valuable one. The term was 10 years, and the rent $12,000 per year. The date of the lease was May 1, 1892, and of the mortgage September 29, 1894. The mortgage was recorded October 9, 1894, and was filed as a chattel mortgage the same day. It was not refiled as a chattel mortgage at the end of the following year, and thereupon ceased to be valid as against the creditors as a lien upon the movable chattels covered thereby. The appellant represents the creditors of the defendant company, and claims that the mortgage ceased to be a valid lien upon the leasehold interest by reason of the failure to refile it at the end of the year. The court held to the contrary, and the judgment directed sale of the leasehold interest, and an application of the proceeds of the sale to the payment of the bonds secured by the mortgage. Upon a former appeal this court held that the mortgage ceased to be a lien upon the movable chattels covered by it, by reason of the failure to refile it as a chattel mortgage at the end of the year. The question as to whether the mortgage ceased to be a lien upon the leasehold interest by reason of such failure to refile it was not involved in that appeal. It is said by the appellant here that this court, upon the former appeal, expressed the opinion that such leasehold interest was within the terms of the chattel mortgage statute, and that the mortgage ceased to be a lien upon the leasehold interest at the end of the year, by reason of the failure to refile the mortgage. We do not so understand it. The language used by the court, and which is claimed as the expression of such opinion, was with reference to the statute relating to the filing of chattel mortgages made by corporations (chapter 529, Laws 1895, as amended; chapter 779, Laws 1868). That statute related to mortgages by railroad corporations. The language of the act as amended is: "It shall not be necessary to file or refile as a chattel mortgage any mortgage

creating a lien upon real and personal property which has been or hereafter shall be executed by any corporation." This court held that that statute was restricted to railroad mortgages, but, even if so restricted, still the mortgage, in order to come within the provisions of the statute, would have to be one covering both real and personal property, and that a mortgage upon leasehold interests was not a mortgage upon real property. No suggestion was made as to whether leasehold interests were covered by the chattel mortgage statute in question, and the words therein, "goods and chattels." The question here involved relates solely to the meaning of the words "goods and chattels" in the chattel mortgage statute, and whether these words cover and include leasehold interests in real property. Such leasehold interests are personal property, but this term "personal property" is not used in this chattel mortgage statute. Leasehold interests are chattels real, and not mere chattels. They are covered by the statute respecting the record of conveyances of real estate, the language used being, the term "real estate" shall embrace all "chattels real," etc., and the term "conveyance" shall embrace every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or assigned. The statutory construction law (chapter 677, Laws 1892) in no way changed the classification of leasehold interests. They were regarded as chattels real and personal property, prior to the act of 1892, the same as they are now, while at the same time they were covered by the provisions of the recording acts. The court of appeals, in Booth v. Kehoe, 71 N. Y. 341, correctly construed the chattel mortgage statute, the same now as before the passage of the statutory construction law of 1892. It was then held that this statute had no relation to leases of real estate, but only to movable goods and chattels; that the statute related only to such goods and chattels as were capable of an immediate delivery and of an actual and continued change of possession of the things mortgaged. The trial court was clearly right in its interpretation of the words in the statute, and in holding that the statute did not cover the leasehold interest.

The judgment appealed from should be affirmed, with costs. All concur.