WESTCHESTER TRUST CO. v. KELLY et al.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

1. LEASEHOLD—MORTGAGE—RECORDING.
   A leasehold interest in real estate for a term of 10 years is a chattel real, covered by the statute concerning the record of conveyances of real estate.

   [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 76–79.]

2. SAME—STATUTE—"REAL ESTATE"—DEFINITION.
   Under the direct provisions of the Real Property Law (Laws 1896, p. 607, c. 547) § 240, the term "real estate" includes chattels real, except a lease for a term not exceeding three years.

3. SAME—LIEN LAW—CONSTRUCTION.
   Under the Lien Law (Laws 1897, p. 536, c. 418) § 91, providing that mortgages creating a lien on real and personal property executed by a corporation as security for the payment of bonds issued by the corporation, and recorded as a mortgage of real property in each county where the property is located, need not be refiled as a chattel mortgage, a mortgage which includes a leasehold interest in real estate for a term of 10 years, which has been recorded as a real estate mortgage in the county where the property is located, need not be refiled as a chattel mortgage in such county, to render it valid as against a judgment creditor of the mortgagor.

Appeal from Special Term, Westchester County.

Action by the Westchester Trust Company, as trustee, against John Kelly, impleaded with the Hobby Bottling Company and others, to foreclose a mortgage executed by the bottling company as security for the payment of bonds issued by that corporation. From a judgment for plaintiff, Kelly appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

Robert Stewart, for appellant.
Ralph Earl Prime, Jr., for respondent.

WILLARD BARTLETT, J. The appellant, a judgment creditor of the Hobby Bottling Company, denies the validity of the mortgage in suit on the ground that it was a mortgage of personal property only, and had not been refiled as required by law. The mortgaged property included a leasehold interest in real estate in Westchester county for a term of 10 years. This is a chattel real, covered by the statute concerning the record of conveyances of real estate. State Trust Co. v. Casino Co., 19 App. Div. 344, 46 N. Y. Supp. 492. The term "real property," as used in the real property law (Laws 1896, p. 607, c. 547, § 240), includes chattels real except a lease for a term not exceeding three years. Having in mind this definition, the mortgage under con-

sideration appears to fall within the purview of section 91 of the lien law, which took effect on September 1, 1897, the mortgage having been executed on June 25, 1900.    That section reads as follows:

"Mortgages creating a lien upon real and personal property, executed by a corporation as security for the payment of bonds issued by such corporation, or by any telegraph, telephone or electric light corporation, and recorded as a mortgage of real property in each county where such property is located, or through which the line of such telegraph, telephone or electric light corporation runs, need not be filed or refiled as chattel mortgages." Laws 1897, p. 536, c. 418.

Referring, as this enactment does, to "mortgages creating a lien upon real and personal property," which shall in each instance be "recorded as a mortgage of real property in each county where such property is located," it would seem tolerably clear that it applies to mortgages covering anything which is defined as real property in the real property law, which deals with the whole subject of recording conveyances.    In this view, which we think is correct, it was sufficient to record the mortgage in Westchester county, as was done, and it was not necessary to file it or refile it as a chattel mortgage.    The judgment should be affirmed.

Judgment affirmed, with costs.    All concur, except HOOKER, J., not voting.