WESTCHESTER TRUST COMPANY, as Trustee, Respondent, *v.* THE HOBBY BOTTLING COMPANY and Others, Defendants, Impleaded with JOHN KELLY, Appellant.

*Corporate mortgage covering in addition to personal property a leasehold interest in real estate for a term of ten years — it need not be filed as a chattel mortgage — "real property" defined.*

A mortgage executed by a corporation to secure an issue of corporate bonds, covering, in addition to personal property, a leasehold interest in real estate for a term of ten years, falls within the provisions of section 91 of the Lien Law (Laws of 1897, chap. 418), which provides: "Mortgages creating a lien upon real and personal property, executed by a corporation as security for the payment of bonds issued by such corporation, or by any telegraph, telephone or electric light corporation, and recorded as a mortgage of real property in each county where such property is located, or through which the line of such telegraph, telephone or electric light corporation runs, need not be filed or refiled as chattel mortgages."

The term "real property," as used in section 91 of the Lien Law, covers anything which is defined as real property in the Real Property Law (Laws of 1896, chap. 547), and thus includes chattels real, except a lease for a term not exceeding three years. (Real Prop. Law, § 240.)

APPEAL by the defendant, John Kelly, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 14th day of June, 1904, upon the decision of the court, rendered after a trial at the Westchester Special Term, directing a foreclosure and sale under a mortgage made by the defendant, the Hobby Bottling Company, as security for the payment of bonds issued by said corporation.

*Robert Stewart*, for the appellant.

*Ralph Earl Prime, Jr.*, for the respondent.

WILLARD BARTLETT, J. :

The appellant, a judgment creditor of the Hobby Bottling Company, denies the validity of the mortgage in suit, on the ground that it was a mortgage of personal property only, and had not been refiled as required by law. The mortgaged property included a leasehold interest in real estate in Westchester county for a term of ten years. This is a chattel real,* covered by the statute concerning the record of conveyances of real estate. (*State Trust Co.* v. *Casino Co.*, 19 App. Div. 344.) The term "real property," as used in the Real Property Law, includes chattels real except a lease for a term not exceeding three years. (Real Prop. Law, § 240.) Having in mind this definition, the mortgage under consideration appears to fall within the purview of section 91 of the Lien Law (Laws of 1897, chap. 418), which took effect on September 1, 1897, the mortgage having been executed on June 25, 1900. That section reads as follows: " Mortgages creating a lien upon real and personal property, executed by a corporation as security for the payment of bonds issued by such corporation, or by any telegraph, telephone or electric light corporation, and recorded as a mortgage of real property in each county where such property is located, or through which the line of such telegraph, telephone or electric light cor-

---

*See Real Property Law (Laws of 1896, chap. 547), § 23.— [REP.

poration runs, need not be filed or refiled as chattel mortgages."
Referring as this enactment does to "mortgages creating a lien
upon *real* and personal property" which shall in each instance be
"recorded as a mortgage of *real property* in each county where
such property is located," it would seem tolerably clear that it
applies to mortgages covering anything which is defined as real
property in the Real Property Law which deals with the whole
subject of recording conveyances. In this view, which we think is
correct, it was sufficient to record the mortgage in Westchester
county, as was done, and it was not necessary to file it or refile it as
a chattel mortgage.

The judgment should be affirmed.

HIRSCHBERG, P. J., WOODWARD and MILLER, JJ., concurred;
HOOKER, J., not voting.

Judgment affirmed, with costs.