(72 Misc. Rep. 519.)
### CLEMENT et al. v. CONGRESS HALL et al.

(Supreme Court, Special Term, Saratoga County. June, 1911.)

1. MORTGAGES (§ 410*)—FORECLOSURE—DISPOSITION OF PROCEEDS—DETERMINATION OF RIGHTS.

In an action to foreclose a mortgage on realty, a subsequent lienor, who was made a party defendant, is not entitled to a determination of the amount of his claim, where his answer was not served on the other defendant, but he must be relegated to the usual application for distribution of any surplus moneys.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 410.*]

2. CHATTEL MORTGAGES (§ 85*)—FILING—NECESSITY—"BONDS."

Lien Law (Consol. Laws 1909, c. 33) § 231, providing that mortgages creating a lien on real and personal property, executed by a corporation as security for the payment ·of "bonds," need not be filed or refiled as chattel mortgages, applies in case of such a mortgage securing a single, nonnegotiable bond, in view of General Construction Law (Consol. Laws 1909, c. 22) § 35, providing that words in the singular number include the plural, and in the plural include the singular.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 85.*

For other definitions, see Words and Phrases, vol. 1, pp. 830–834; vol. 8, p. 7592.]

3. CHATTEL MORTGAGES (§ 286*)—"PURCHASER IN GOOD FAITH."

A corporation, acquiring an interest in real and personal property under a judgment of foreclosure which provides that the interest be sold subject to the lien of a certain mortgage, is not a "purchaser in good faith" as against such mortgage, within Lien Law (Consol. Laws 1909, c. 33) § 230, providing that every chattel mortgage, not accompanied by immediate delivery and followed by change of possession, is void as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a copy thereof, is filed.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 576; Dec. Dig. § 286.*

For other definitions, see Words and Phrases, vol. 4, pp. 3117–3121; vol. 8, p. 7672.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CHATTEL MORTGAGES (§ 47*)—VALIDITY—DESCRIPTION OF PROPERTY.

A mortgage describing personalty as "the undivided one-half part of, in and to all of the fixtures, furniture, and personal property located in or upon the premises, or now or heretofore used in connection with the hotel known as Congress Hall, and the premises above described," describes the property with sufficient certainty.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 87, 88, 96–103; Dec. Dig. § 47.*]

5. CORPORATIONS (§ 477*) — POWERS — CONTRACTS — MORTGAGES — CONSENT OF STOCKHOLDERS.

Stock Corporation Law (Consol. Laws 1909, c. 59) § 6, requiring the consent in writing of the holders of not less than two-thirds of the capital stock of the corporation to a mortgage of corporate property, is not applicable in case of a purchase-money mortgage.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 477.*]

Action by John B. Clement and another, as executors, against Congress Hall and others, to foreclose a mortgage. Judgment for plaintiffs.

C. S. & C. C. Lester, for plaintiffs.

Rockwood, McKnight & McKelvey, for defendant Saratoga Holding Co.

J. L. L'Amoreaux (D. E. Wing, of counsel), for defendant Empire Trust Co.

Butler & Kilmer, for defendant Armour & Co.

Mayer & Gilbert, for defendant Acker, Merrall & Condit Co.

JOSEPH A. KELLOGG, J. This action was brought to foreclose a mortgage upon an undivided one-half interest in the Congress Hall hotel property at Saratoga Springs. The mortgage by its terms purported to convey by description one-half of the real estate known as the Congress Hall property, and various buildings used in connection with said hotel. It also purported to convey:

"The undivided one-half part of, in and to all of the fixtures, furniture and personal property located in or upon the premises, or now, or heretofore used in connection with the hotel known as Congress Hall, and the premises above described, which fixtures and personal property were owned by Clement and Cox in common."

[1] The mortgage in question was a purchase-money mortgage, and the complaint failed to allege the filing of the mortgage as a chattel mortgage in any town clerk's office. It does allege recording of the mortgage in the office of the clerk of Saratoga county, where the mortgaged property was situated. No answer has been interposed by any defendant, and the case is now before the court on application for judgment. A subsequent lienor has upon this application requested the determination of the amount of his claim; but, inasmuch as his answer has not been served upon the other defendants, the court cannot, in the face of their objection, properly pass upon the amount of his lien, and has relegated the lienor to the usual application for distribution of surplus moneys, if any there shall be.

The defendant, however, the Saratoga Holding Company, which has succeeded to the rights of the mortgagor under foreclosure of a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

subsequent mortgage to that of the plaintiffs, and the defendant Acker, Merrall & Condit Company, holding a judgment lien upon the property of the defendant the Saratoga Holding Company, upon which an execution has been issued, appear on this application and dispute the right of the plaintiffs to enforce the lien of their mortgage as against the personal property. These defendants claim that the mortgage is invalid as a lien against the personal property for the reason that it was not filed in the town clerk's office as a chattel mortgage, as required by the lien law.

The provision of the lien law (Consol. Laws, 1909, c. 33) claimed to be applicable is now section 230 of that statute, which is as follows:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels or of any canal boat, steam tug, scow or other craft, or the appurtenances thereto, navigating the canals of the state, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article."

The mortgage in question was not filed within a reasonable time after its execution as a chattel mortgage in the town clerk's office, and the mortgagee did not properly comply with the foregoing provision of law. There is much force in the contention of the plaintiff that, if the defendants seek to avail themselves of the foregoing provision of law, the facts should have been pleaded affirmatively as a defense.

[2] However this may be, I am of opinion that the section relied upon is not applicable to the case at bar. Section 231 of the lien law provides as follows:

"Mortgages creating a lien upon real and personal property, executed by a corporation as security for the payment of bonds issued by such corporation, or by any telegraph, telephone or electric light corporation, and recorded as a mortgage of real property in each county where such property is located or through which the line of such telegraph, telephone or electric light corporation runs, need not be filed or refiled as chattel mortgages."

This provision is a re-enactment of section 91 of the lien law as it was found in the "General Laws" (Laws 1897, c. 418). It found its place in the latter statute as a result of the combination of chapter 779 of the Laws of 1868, which had reference originally to railroad corporations only, as amended by chapter 529 of the Laws of 1895, extending the provision to corporations generally, and chapter 171 of the Laws of 1891, which, in the meantime, had been enacted in reference to telegraph, electric light, and telephone companies. This method of revision has produced a section which includes expressly all corporations, generally, and also refers particularly to telegraph, telephone, and electric light corporations, which would seem to be included necessarily within the general scope of the preceding clauses of the section.

It is urged on behalf of the defendants that this provision of law is not applicable, because we have, in the case at bar, only a single bond secured by a single mortgage, and that the phraseology of

the section in question is confined to the plural number, including only "bonds," and that there must be a plurality of bonds in order that the provision of the section may attach. It is not urged that the same reasoning applies to the plural term "mortgages," used in the same section. There is no apparent reason why the same principle of law should not apply to one bond which is conceded to apply to two. This is clearly a case where the provision of section 35 of the general construction law (Consol. Laws 1909, c. 22) applies. This section provides as follows:

"Words in the singular number include the plural, and in the plural number include the singular."

This section is a re-enactment of a portion of section 8 of the statutory construction of law, enacted in 1892 (Laws 1892, c. 677), prior to the amendment of 1895, which extended to all corporate mortgages upon real and personal property the provision which had previously existed as to railroad mortgages only. The provision as to railroad mortgages, contained in chapter 779 of the Laws of 1868, used the singular number and broadly included all mortgages; and when, in 1895, the extension was made to other corporate mortgages and the word "bonds" used, the provision of the statutory construction law providing that the plural number should include the singular was in full force and effect. The construction claimed by the defendants, limiting the operation of the section to mortgages securing plurality of bonds, cannot be successfully upheld.

Neither is there anything in the section indicating any intention on the part of the Legislature to confine its applicability to negotiable as distinguished from nonnegotiable bonds.

[3] Furthermore, section 230 provides that an unfiled chattel mortgage shall be void only "as against the creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith." The section in any event would not be applicable to these defendants. The defendant the Saratoga Holding Company acquired title by intermediate conveyance to the equity of redemption through a sale under foreclosure of a subsequent mortgage in an action in which these plaintiffs were defendants, and in which the judgment of foreclosure expressly provided that the equity of redemption should be sold subject to the lien of the mortgage held by plaintiffs. This defendant acquired its interest, therefore, expressly subject to the lien of the mortgage now in suit, and cannot be considered a purchaser in good faith as against the mortgage in question. The defendant Acker, Merrall & Condit Company, being a judgment creditor of the defendant the Saratoga Holding Company, had no broader claim than the defendant the Saratoga Holding Company.

[4] It is further urged by the contending defendants that the mortgage in suit, so far as it covers personal property, is void for uncertainty, in that the property is not sufficiently described in detail. It is true that the personal property is covered only in general terms and not by detailed description or inventory. The second mortgage, under the foreclosure of which the defendant the Saratoga Holding Company

claims title, also failed to describe in detail the personal property incumbered.

I do not understand it to be a principle of law that it is necessary in a corporate mortgage to detail the specific articles covered. It would be practically impossible to do so in many instances, and it is not the custom, and failure to do so cannot render void the mortgage. It may render difficult the task of ascertaining the exact chattels mortgaged, but such difficulty might always arise by reason of the nature of the property itself. Some difficulty would exist after a lapse of years, perhaps less in degree, but similar in kind, even in case the chattels were enumerated with the greatest minuteness, where they had been changed in location or mingled with others of the same kind. A failure to specify in detail the articles in question does not render void the security as to them, although it may be difficult to distinguish the articles covered by the security.

[5] Upon the hearing it was urged that the mortgage in question was void, because the consent of the necessary stockholders was not filed and recorded according to law. This point is not now urged in briefs of counsel. The mortgage in question is a purchase-money mortgage, and does not come within the restrictions of section 6 of the stock corporation law (Consol. Laws 1904, c. 59), requiring the consent in writing of the holders of not less than two-thirds of the capital stock of the corporation to be filed and recorded in the office of the clerk of the county where the corporation has its principal place of business.

Judgment of foreclosure and sale should therefore be entered in this action, not only as to real estate, but also as to the personal property described in the mortgage sought to be foreclosed.

Judgment accordingly.