### In re F. & D. CO.

### Petition of HAGAR.

(Circuit Court of Appeals, Second Circuit. January 15, 1919.)

### No. 154.

1. CHATTEL MORTGAGES ☞85—CORPORATE MORTGAGES AGAINST REAL AND PERSONAL PROPERTY—FILING AS CHATTEL MORTGAGE.

   Lien Law N. Y., § 231, providing that "mortgages creating a lien on real and personal property executed by a corporation as security for the payment of bonds issued by such corporation" need not be filed as a chattel mortgage, applies to such a mortgage executed by a corporation to secure a single bond.

2. COURTS ☞366(1)—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

   While a federal court will follow a settled construction of a state statute by its highest court, it is not bound to follow a single decision of a trial court of the state.

3. CONFUSION OF GOODS ☞9—SALE OF PROPERTY BY TRUSTEE—MINGLING OF MORTGAGED AND UNMORTGAGED GOODS.

   Where a trustee sells for a lump sum goods of the bankrupt, some of which are within a mortgage, although some, not identified, may not be, by the law of New York the mortgagee is entitled to the entire proceeds, on the principle of confusion of goods.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

In the matter of the F. & D. Company, bankrupt. Petition by Marshall S. Hagar, trustee, to revise order of District Court. Affirmed.

See, also, 242 Fed. 69, 155 C. C. A. 13.

This cause comes here on petition to review an order in bankruptcy, entered in the United States District Court for the Southern District of New York and entered therein on the 2d day of October, 1918.

The bankrupt executed a mortgage, dated 5th of February, 1912, to Thomas W. Joyce for the sum of $650,000. This mortgage was subordinate to a mortgage executed by the bankrupt to the Title Insurance Company of New York on the real property comprising the Madison Square Garden and the Garden Theater securing a loan of $2,300,000. The second mortgage embraced the property known as the Madison Square Garden and Garden Theater. It was a real estate mortgage and was recorded as such. It was never separately filed or refiled as a chattel mortgage. It contained, however, the following clause: "Together with all fixtures and articles of personal property, attached to or used in connection with said premises, all of which it is declared are to be covered by this mortgage."

On the 13th of November, 1916, the F. & D. Company was adjudicated a bankrupt in the United States District Court for the Southern District of New York, and a few days later the petitioner herein was appointed trustee in bankruptcy of the estate. The first mortgage, the one executed to the Title Insurance Company, and which covered the real property, was sold on the 8th of December, 1916, upon the foreclosure of the mortgage, and there was left a balance of more than $300,000 due on the mortgage debt.

The referee in bankruptcy held that the chattels located in Madison Square Garden and the Garden Theater were not included under the lien of the first mortgage. And the trustee in bankruptcy was authorized by order of the referee in bankruptcy to sell the chattels located in Madison Square Garden and the Garden Theater free of the alleged lien of the second mortgage, the one to the respondent Joyce, and the property was so sold for $5,600, the proceeds of the sale to be held subject to the order of the court as to the validity of the alleged lien of the second mortgage. The mortgagee under that mortgage claims that under the terms of his mortgage he is entitled to the money; and the trustee in bankruptcy claims that the money is payable to himself for the benefit of the creditors of the bankrupt.

At the hearing before the referee testimony was taken, and thereafter the referee directed the trustee to pay over to the respondent Joyce, the mortgagee under the second mortgage, the said sum of $5,600, less the amount of $500 deducted on account of the expenses incident to the administration of the estate.

The trustee subsequently filed a petition, praying that the order of the referee be reviewed by the District Court. Thereafter the trustee's petition was reviewed, and after hearing the District Court entered an order affirming the order of the referee. The last order was entered on the 2d of October, 1918, and it is this order which this court is now asked to review.

Stetson, Jennings & Russell, of New York City (Edward R. Greene and Kenneth E. Stockton, both of New York City, of counsel), for respondent.

Augustus H. Skillin, of New York City (George W. Hubbell, of New York City, of counsel), for trustee.

Before WARD and ROGERS, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). [1] The sole question to be determined by this court is whether the mortgage given to the respondent Joyce, the second mortgage, is a chattel mortgage and good as against creditors, although it was filed as a real estate mortgage, and not separately as a chattel mortgage. Do the

laws of the state of New York require that this mortgage should also be filed as a chattel mortgage? The District Court filed a memorandum opinion, in which it declared that the case of Clement v. Congress Hall, 72 Misc. Rep. 519, 132 N. Y. Supp. 16, is flat authority in favor of the decision under review. The court said:

"As to who should get it no more is held than that a trial court of the United States should not refuse to follow Judge Kellogg's ruling on a purely New York question. For that reason the referee's order is affirmed."

Before we proceed further, it is necessary to consider the provisions of the Lien Law of the state of New York (Consol. Laws, c. 33). The provisions applicable to this case may be found in the margin.[1] The trustee in bankruptcy relies on section 230, and claims that, as the mortgage was not filed as required by the act, it is absolutely void as against creditors, and that he is entitled to the proceeds. The respondent Joyce relies on section 231, and claims that his mortgage is by that section a valid chattel mortgage, although not refiled as a chattel mortgage.

This court is thus called upon to construe an act of the Legislature of the state of New York which appears never to have been construed either by the New York Court of Appeals or by the Appellate Division of the Supreme Court of that state. The act has been construed only by the Special Term of the Supreme Court for Saratoga county, N. Y., in the case of Clement v. Congress, supra. That case does not appear to have been carried to a higher tribunal, or to have been cited or referred to in subsequent decisions in the higher courts of the state. The court in that case discussed at length the question whether section 231 applied to chattel mortgages executed by a corporation as security for a single bond, and it came to the conclusion that the section did apply to such cases. The court said:

"It is urged on behalf of the defendants that this provision of law is not applicable, because we have, in the case at bar, only a single bond secured by a single mortgage, and that the phraseology of the section in question is confined to the plural number, including only 'bonds,' and that there must be a plurality of bonds in order that the provision of the section may attach. It is not urged that the same reasoning applies to the plural term 'mortgages,' used in the same section. There is no apparent reason why the same principle of law should not apply to one bond which is conceded to apply to two. This is clearly a case where the provision of section 35 of the General Construction

---

[1] "Sec. 230. *Chattel Mortgages to be Filed.*—Every mortgage or conveyance intended to operate as a mortgage of goods and chattels or of any canal boat, steam tug, scow or other craft, or the appurtenances thereto, navigating the canals of the state, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article.

"Sec. 231. *Corporate Mortgages Against Real and Personal Property.*—Mortgages creating a lien upon real and personal property executed by a corporation as security for the payment of bonds issued by such corporation, or by any telegraph, telephone or electric light corporation, and recorded as a mortgage of real property in each county where such property is located or through which the line of such telegraph, telephone or electric light corporation runs, need not be filed or refiled as chattel mortgages."

Law (Consol. Laws 1909, c. 22) applies. This section provides as follows: 'Words in the singular number include the plural, and in the plural number include the singular.' * * * The construction claimed by the defendants, limiting the operation of the section to mortgages securing plurality of bonds, cannot be successfully upheld.

. "Neither is there anything in the section indicating any intention on the part of the Legislature to confine its applicability to negotiable as distinguishable from nonnegotiable bonds."

[2] But we are told by counsel for the trustee that this decision is not binding upon this court because it was not rendered by the highest court of the state. In Pease v. Peck, 18 How. 595, 15 L. Ed. 518, the Supreme Court of the United States held that, where there is a settled construction of a statute of a state by its highest court, it is the practice of the federal courts to adopt it without criticism or further inquiry. And see Beals v. Hale, 4 How. 37, 54, 11 L. Ed. 865, to the effect that a decision of a court other than the court of last resort is not binding on federal courts.

On the other hand we are told by counsel for the respondent that it is not true that the federal courts will follow only the construction of a state law given by the highest courts of the state. In Erie Railroad Co. v. Hilt, 247 U. S. 97, 38 Sup. Ct. 435, 62 L. Ed. 1003, the Supreme Court held that the federal court, in construing a statute of the state of New Jersey, should follow the construction given to it by the Supreme Court of New Jersey, although it was not the highest court of that state. "In view of the importance of that tribunal in New Jersey," said Justice Holmes, "although not the highest court in the state, we see no reason why it should not be followed by the courts of the United States, even if we thought its decision more doubtful than we do." The Supreme Court of New Jersey is not a trial court, as is the Special Term of the Supreme Court of New York, and instead of being composed of a single judge, as that court is, it is composed of nine judges, who sit as an appellate tribunal.

We do not regard the decision in the Hilt Case as laying down a rule which makes it incumbent upon this court to adopt a construction given to a state statute by a trial judge in a state court. While, therefore, free to examine the statute for ourselves, and to put our own construction upon it, we have no hesitation in saying that we fully concur in the construction that the Supreme Court of New York gave to section 231. We entertain no doubt that the construction which Judge Kellogg gave to that section of the act in Clement v. Congress, supra, is correct, and rules this case.

The question has been raised, however, whether that section applies to any mortgage not executed by a railroad, telegraph, telephone, or electric light corporation. But the New York Court of Appeals has held that the section applied to a mortgage given by a manufacturing corporation. Zartman v. First National Bank, 189 N. Y. 267, 82 N. E. 127, 12 L. R. A. (N. S.) 1083. That decision is binding upon this court. See, also, Westchester Trust Co. v. Hobby Bottling Co., 102 App. Div. 464, 92 N. Y. Supp. 482, affirmed in 185 N. Y. 577, 78 N. E. 1114, on the opinion of the court below.

It is said that the respondent's mortgage does not cover chattels ac-

quired subsequent to February 5, 1912, which it will be recalled was the date of the mortgage. The exact wording of the mortgage is:

"All fixtures and articles of personal property attached to, or used in connection with said premises, all of which it is declared are to be covered by this mortgage."

The use of the words "are to be covered," it is argued, indicate an intention to make the mortgage applicable to future acquired property. It seems to us that, if the intention had been to cover future interests or property subsequentlly to be acquired, that intention would have been more clearly indicated. But, however that may be, it is the law of New York that a mortgage of future interests is valid between the parties thereto and against all other persons claiming under the mortgagor voluntarily, with notice, or in bankruptcy. Reynolds v. Ellis, 103 N. Y. 115, 8 N. E. 392, 57 Am. Rep. 701. It does not constitute a lien as against creditors whose claims arose subsequent to the mortgage.

But there is no evidence in the record of this case that there were any creditors of the bankrupt whose claims arose subsequent to the execution of the respondent's mortgage. In the absence of any proof that the trustee represents creditors whose claims arose subsequent to the execution of the mortgage, the respondent is entitled to the whole of the sum realized.

[3] And there is no evidence in the record to show that any of the chattels sold were placed in the Madison Square Garden or in the Garden Theater after the execution of the mortgage; and if there were any such it is impossible to say what portion of the lump price obtained for all the chattels represents the selling price of those obtained prior to the execution of the mortgage as distinguished from the price obtained for the chattels subsequently acquired. And we understand it to be the law of New York that, where a person holding goods for the account of another confuses those goods with his own, so that they become inextricably mingled, the owner of the goods so mingled may claim the entire mass. Hart v. Ten Eyck, 2 Johns. Ch. (N. Y.) 62, 108, 513. And see Dunning v. Stearns, 9 Barb (N. Y.) 630, 634.

The order is affirmed, with costs.